## George Schumann
## v.
## J. W. Pilcher.

36   43
36   157

36   43
76   355

*Exemptions—Execution—Schedule—Signature—Evidence —Trespass.*

1.   It is in the discretion of the court to permit evidence to be given in rebuttal which should have been offered in chief.

2.   If an execution debtor writes his name in the body of the affidavit to the schedule of his personal property required under the exemption law, the signature is sufficient.

3.   The fact that the name so written is in a different handwriting from the rest of the affidavit is sufficient to put the officer receiving the schedule on inquiry as to whether the name was written by the debtor.

[Opinion filed June 13, 1890.]

Appeal from the Circuit Court of Fayette County; the Hon. Jacob Fouke, Judge, presiding.

Messrs. Cox & Wills, for appellant.

No appearance for appellee.

Reeves, P. J.   The action is trespass, brought by appellee against appellant, for taking and carrying away certain personal property. · Appellant justified the taking by alleging he was a constable, and as such, received an execution issued upon a judgment in favor of D. S. Morgan & Co., against appellee, and levied the same upon the property described in the declaration, and sold the same to satisfy the execution. Replication was filed traversing this plea, and the cause was submitted to the court for trial without a jury.   The plaintiff proved the ownership and possession of the property, and the taking by defendant, and the value of the property taken, and rested.   The defendant offered the judgment of Morgan & Co. against plaintiff, and the execution issued thereon, and proved that the property taken by him was taken upon this

execution. The plaintiff then offered proof that he was the head of a family, residing with the same; that he made out a schedule of all his personal property and delivered it to the defendant constable, which schedule the constable declined to recognize, but proceeded to levy the execution, and advertise and sell the property.

This evidence was objected to " for the reason that it was not proper rebutting testimony, but was part of the plaintiff's case in chief," and as it is put in another objection to the same testimony, because it is not proper rebutting testimony.

The bill of exceptions nowhere shows that this evidence was objected to as inadmissible under the pleadings as they then stood. Had this objection been interposed, doubtless the plaintiff would then have asked leave to file the additional replication, which was subsequently filed, setting forth, in answer to the plea alleging the judgment and execution and the taking of the property on the execution, the making and delivery to the constable, of the schedule, and leave to file such a replication would have been granted and the objection thus obviated. After the evidence was all heard, the court below granted leave to file such a replication and the court rightfully overruled appellant's motion to strike it from the files. Appellant knew fully about the schedule, as he admits he received it within the time given appellee by the statute to make and deliver a schedule. The point made against the schedule is based upon the face of the schedule and not upon any extrinsic evidence. Appellant was as well prepared to make his objection to the schedule as if it had been set up by replication before the trial was entered upon and no possible injury resulted to him by reason of the action of the court, in permitting it to be filed after the evidence was in. It was discretionary with the court to permit the evidence to be given in rebuttal even if it should have been offered in chief.

It is urged that the schedule was not in compliance with the statute, and the constable was not bound to regard it, and had the right to proceed the same as if no schedule had been presented to him. It was in words and figures following, to wit:

"Schedule of personal property.—The following is a full list of personal property now owned by me. I am the head of a family and living with same, and claim the benefits of the exemption laws of this State: 2 mares, 2 suckling colts, 1 blind horse, 1 buggy, 20 acres of growing corn, 140 bushels of oats, 10 head of geese, 2 dozen chickens, 1 cook stove and utensils, 1 dining table, 1 bureau, 1 safe, 1 set knives and forks, 1 set cups and saucers, 1 set plates, 2 dozen cans fruit, 1 organ, 1 bed and bedding, 1 lounge, 1 set chairs, 1 rocking chair, 1 silver watch, 1 violin, $1\frac{1}{4}$ acre of potatoes. J. K. Pilcher holds a chattel mortgage on the two said mares for $100."

"State of Illinois, } ss. I (J. W. Pilcher) being duly sworn
Fayette County. } say that the above list is a full and complete schedule of all of the personal property of every kind, character and description now owned by me, including money on hand and debts due and owing to me.

Subscribed and sworn to before me this 7th day of —————— 1889.

D. D. Scott, [seal.]
Justice of the Peace."

Appellee testified that he wrote his name where it appears in the affidavit to the schedule. So, also, testifies Scott, the justice of the peace who swore appellee to the schedule. Both these witnesses testified that the paper was made out, signed and sworn to, on the 7th day of August, 1889, and on this day it was delivered to the constable. We think the proof did, as a matter of fact, show that appellee subscribed and was sworn to the schedule. The name of appellee, as it appears, was below the schedule, and so the requirement of the statute, that it should be subscribed by the execution debtor, was literally complied with. As to the affidavit, it is not necessary that the name should be written at the end of it. Where the name is written so as to give authenticity to the whole instrument, it does not signify in what part it is written. "I, A B, promise to pay," etc., when written by A B, has been held to be a good signature. Taylor v. Dob-

bins, 1 Stra. 399. Even in case of a will, the testator's signature may be in any part of the will, at the beginning, as " I, A B," etc., at the bottom, or in the margin. Lemayne v. Stanley, 3 Lev. 1; 1 Freem. 538; 1 Jarman on Wills, p. 70; Allen v. Bennett, 3 Taunt. 169; Tobb v. Stanley, 5 Ad. & E. (N. S.) 574.

It is argued that appellant had a right to treat the name of appellee as it appears in the affidavit as written by the person who prepared the schedule and affidavit, and that, to him at least, it was the same as if appellee had not signed it. It appears that the schedule and affidavit, except the name " J. W. Pilcher " were written by Scott, the justice of the peace. Unless there was a marked similarity in the handwriting of Pilcher and Scott, the fact that Pilcher's name was in a different handwriting from the rest of the paper was sufficient to put the constable upon inquiry and if he chose to omit inquiry which he should have made and which would have disclosed the truth of the matter, he must be held to have done so at his peril. It would not do to permit constables upon technical objections to fritter away the benefit intended by the Legislature to be conferred upon the family by the exemption statute. A substantial compliance with the statute is all that should be required. The judgment of the Circuit Court is affirmed.                                    *Judgment affirmed.*