## James W. Cooper
### v.
### A. C. Payne.

*Exemptions—Execution—Schedule—Want of Signature.*

Where the officer levying an execution receives from the debtor a schedule of his property, swears him to it, and carries it away, he can not afterward question its validity for want of the debtor's signature thereto.

[Opinion filed October 8, 1890.]

Appeal from the Circuit Court of Fayette County; the Hon. James A. Creighton, Judge, presiding.

Mr. John A. Bingham, for appellant.

Messrs. Farmer & Brown, for appellee.

Reeves, J.   The Phœnix Insurance Company obtained a judgment before a justice of the peace against appellee upon which an execution was issued and placed in the hands of

appellant, a constable. The execution was served upon appellee by appellant on the 12th day of December, 1889. At this time appellee notified the constable that he wanted to schedule his property under the exemption statute and asked the constable for a blank schedule. The constable told him that he had no blanks for that purpose and that it was not his duty to carry blanks of that kind. Appellee then told the constable he would arrange to make a schedule, and four days after demand upon the execution he made a schedule of all his property and delivered the same to appellant, whereupon the constable swore appellee to the schedule and added his *jurat* to the same in these words, to wit:

" Sworn to before me this 16th day of December, 1889.

"JAMES W. COOPER, Constable."

Appellee did not sign the schedule; his name, however, was used in the body of the schedule, showing that it was made by him of his property. The constable accepted the schedule, and took it away with him, but took no steps to have the property described in the schedule appraised, nor did he give appellee any opportunity to make his selection from the property described in the schedule. The property described in the schedule was agreed to be less than $400 in value, and that appellee was at the time the head of a family, residing with the same in Fayette county. On the 26th day of December, 1889, the constable returned to appellee, and told him that he had not signed the schedule. He then offered to sign his name to the schedule, which the constable refused to permit him to do, but levied the execution on one bay mare, which was described in the schedule. Appellee sued out a writ of replevin and recovered the mare, and upon a trial in the Circuit Court, upon the foregoing state of facts agreed to by the parties, judgment was given for appellee. The trial court found that the schedule was a good and sufficient schedule. This finding presents the only question that seems to us to arise upon the record. The contention of appellant is that as the statute requires the schedule to be signed by the execution debtor, and as the schedule was not so signed, it was not such a schedule as

required the constable to regard it. We have already held that a literal compliance with the statute is not to be enforced. Such a rule would frequently deprive the execution debtor's family of the benefit which the Legislature intended to provide. In most cases these schedules are prepared by persons not accustomed to legal forms, and to enforce a literal compliance with all the terms of the statute would operate to defeat the very purpose had in view in the enactment of the statute. A substantial compliance with the statute is all that should be required. Schuman v. Pilcher, 36 Ill. App. 43. In this case the schedule was presented to the constable and he swore appellee to it and attached his *jurat*. He then took the schedule and carried it away. To hold that the constable under these circumstances could ignore the schedule and proceed as if none had been made and delivered to him would be to justify and approve a palpable fraud on the part of the constable. This we must decline to do. It is the duty of a constable when a schedule is presented to him to see that it is in the statutory form and if it is not to decline to receive it. Certainly, when he is presented with a schedule and proceeds to swear the execution debtor to it and receives it so sworn to, he can not be heard afterward to question it on account of some formal defect which could have been instantly remedied had he called attention to it.

It is no part of the duty of a constable acting under the exemption statute to set a trap to catch a debtor who is honestly and in good faith seeking to avail himself of the benefit of the statute. Langston v. Murphy, 31 Ill. App. 188.

The judgment of the Circuit Court is affirmed.

*Judgment affirmed.*