## SUMNER v. RICHIE & WHITE.

1. **Bankruptcy**: EFFECT OF DISCHARGE: WAREHOUSEMAN. An action to recover the value of grain stored with the defendants as warehousemen, to be returned in kind, was held to be barred by a discharge of the defendants in bankruptcy.

*Appeal from Muscatine District Court.*

THURSDAY, OCTOBER 7.

ACTION to recover for certain wheat stored by plaintiff in defendants' elevator. The plaintiff claims that the defendants wrongfully appropriated the wheat. The defendants deny that they wrongfully appropriated the wheat. They also plead in bar a discharge in bankruptcy. There was a trial by jury, and verdict and judgment were rendered for the defendants. The plaintiff appeals.

*Cloud & Cloud,* for appellant.

*Hanna, Fitzgerald & Hughes,* for appellees.

ADAMS, CH. J.—The court gave an instruction in these words: "If it was as alleged by the defendants, that they were to return a like amount of wheat upon demand, and that they were not necessarily to keep and return the identical wheat, it would not be in a fiduciary capacity, and their conversion of it, or failure to return or failure to pay for it, would not make the claim of the plaintiff therefor of such a character as to relieve it from the effect of the discharge in bankruptcy, and your verdict should be for the defendants. If, however, it was as alleged by the plaintiff, stored to be kept, merely, and the plaintiff was to have the identical wheat returned to him, then a fraudulent conversion of it by the defendants to their own use would be a fraud, and the violation of a fiduciary capacity of confidence reposed in them, and if the claim rests upon

<small>1. BANKRUPTCY: effect of discharge: warehouseman.</small>

this foundation, the discharge in bankruptcy would not release it." Under this instruction the jury found for the defendants.

The plaintiff questions the correctness of the finding, but we cannot review it as the abstract does not purport to contain all the evidence.

The plaintiff questions the correctness of the instruction, but, in our opinion, it is fully as favorable to him as he can properly claim, if not more so.

In *Hennequin v. Clews*, 77 N. Y., 430, a question arose as to whether an action for the wrongful conversion of securities by a pledgee was barred by a discharge in bankruptcy. In a fully considered opinion by Ch. J. CHURCH it was held that it was.

In our opinion the judgment must be

AFFIRMED.