# JULIUS PENSONEAU
## v.
# ANTON MASSERANG.

CONSTABLE—REFUSING TO RECEIVE SCHEDULE.—In this case the debtor presented a schedule of his personal property to the constable, who refused to receive it, but making no objection that it was not in compliance with the law. It was his duty to receive it, and having set the law at defiance, he cannot now be heard to say that the schedule was not in compliance with the statute.

ERROR to the Circuit Court of St. Clair county; the Hon. W. H. SNYDER, Judge, presiding. Opinion filed April 7, 1881.

Mr. EDWARD L. THOMAS, for plaintiff in error.

Mr. E. R. DAVIS, for defendant in error.

PER CURIAM. In this case substantial justice was done. It was an action of replevin. The plaintiff in error as constable, held an execution against the goods and chattels of defendant in error and levied on two mules, taken as the property of the defendant. Immediately after the levy and after the constable had obtained possession of the mules, the defendant presented to him a schedule of his property, claiming that the mules in question were exempt from execution.

The constable (plaintiff in error) in a violent manner refused to receive or examine the schedule, and declared his intention to sell the mules by virtue of the execution. He made no objection to the form or substance of the schedule. He can not now say that the schedule was not a compliance with the law.

It was presented in apt time, and it was the duty of the officer to receive it and proceed as required by the statute. He failed to do so, and set the law at defiance. It appears from the evidence, that shortly prior to that time, the plaintiff in error had held an execution against the defendant, and while holding the execution, he had appointed three persons as appraisers who had made a schedule of defendant's property, and

the defendant being dissatisfied with the schedule, had also procured a schedule of his property, to be made by three persons. These schedules were not, as provided by the statute, and are of no importance in this case. The instructions were in some respects erroneous, but after a careful examination of the record, we think that substantial justice has been done, and the judgment of the circuit court is affirmed.

Judgment affirmed.