## JOSEPH N. LANGSTON

### v.

## WILLIAM H. MURPHY.

*Exemptions—Failure of Debtor to Sign Schedule—Replevin—Duty of Officer.*

1.   A constable, endeavoring to enforce an execution, must act in good faith toward a debtor who is honestly seeking to avail himself of the benefits of the law relating to exemptions.

2.   It is a fraud on the part of a constable to receive, and attach his jurat to, a schedule, without calling the attention of the debtor to the fact that it is unsigned.

3.   An action of replevin may be maintained by a debtor to recover property named in his schedule, which was made in apt time but was delivered to the officer unsigned through honest mistake, he subsequently offering to sign the same or make another.

[Opinion filed January 21, 1889.]

APPEAL from the Circuit Court of Sangamon County; the Hon. J. A. CREIGHTON, Judge, presiding.

Mr. TIMOTHY McGRATH, for appellant.

Messrs. PATTON, HAMILTON & SHUTT, for appellee.

. In this case the schedule was made and delivered to the officer, and he accepted it within the ten days. No objection was made by him that it was not subscribed, but on the contrary, he swore appellee had received it. It was his duty to object to it at the time. When he put the jurat to the paper he knew appellee had not signed it, and failing to call his attention to the omission, the officer waived objection to the schedule.

In Pensoneau v. Masserang, 8 Ill. App. 298, the court, in speaking of the conduct of the constable to whom the debtor had tendered his schedule, say: " He made no objection to the form or substance of the schedule. He can not now say that the schedule was not a compliance with the law." That was when the constable refused to receive the schedule, or even examine it. Here the constable actually accepted the paper without objecting to either its form or substance, and when appellee applied to him as soon as he learned he had not signed it, appellant refused to let him subscribe his name. His conduct in not calling appellee's attention to the omission and thereby giving him the opportunity to make a complete schedule, was as reprehensible as that of the officer in the case cited.

In Taylor v. Beach, 14 Ill. App. 259, it was held that the officer should be estopped from averring that the schedule was not made in time after having accepted it.

Having accepted the schedule without objection, he had no right to levy upon the property described in it after the expiration of the ten days. He should have rejected it, and to remain silent when it was his duty to speak, was a fraud upon appellee and he should be estopped from taking advantage of it. The jurat of the officer showed the schedule was subscribed and sworn to by appellee, the execution debtor, and the officer should not be allowed to contradict his own certificate to the effect that the instrument was duly executed.

Conger, J. Langston was a constable, and had an execution against Murphy, who was the head of a family residing with the same, and had property less in value than the amount exempt by law. ·

. After Murphy was notified of the execution, and within the time prescribed by law, he made and tendered to the constable

a schedule, to which the constable swore him, and received it and took it away with him.

Eleven days thereafter, Murphy learned that he had not signed his name to the schedule, although it is admitted that he thought he had done so at the time of, or before its delivery to the constable. He then offered to sign it, or make out a new one, but Langston refused both propositions, and levied upon the property.

Murphy, after making a demand, brought replevin and recovered the property, and we think rightly.

It was a fraud upon the part of the officer to receive the schedule, and solemnly attach his jurat to it, without calling the attention of Murphy to the omission.

Such a schedule, when executed in good faith, would be a protection to the officer in refusing to make a levy.

It is the duty of a constable in seeking to enforce an execution. to act fairly and in good faith, and not use the provisions of the exemption law as a trap to catch those debtors who are honestly and in good faith seeking to avail themselves of its benefits. The judgment of the Circuit Court will be affirmed.

*Judgment affirmed.*