## J. F. MILLER

v.

## W. F. ROLEN.

*Exemptions—Schedule—Failure to Deliver within Proper Time—Replevin.*

Where a debtor makes out, signs and swears to a schedule of his property, and leaves the same at a place agreed upon,'for the officer, it amounts to a delivery where the understanding is that the officer shall call there for it.

[Opinion filed February 2, 1891.]

APPEAL from the Circuit Court of Richland County; the Hon. CARROLL C. BOGGS, Judge, presiding.

Messrs. ALLEN & FRITCHEY, for appellant.

Mr. J. S. MONTRAY, for appellee.

GREEN, J. Appellee, defendant in execution, brought replevin for a piano against appellant, who, as constable, levied upon it by virtue of the writ. The cause was tried by the court and a finding and judgment in favor of plaintiff resulted. The only point presented on behalf of appellant necessary to notice is the claim that appellee, when notified of the execution, did not *deliver* to the officer the schedule required by the statute. It is not denied, appellee had no more property, including the piano, than was exempt from execution, nor that he made a schedule in proper form, of all his personal property, subscribed and sworn to by him, as provided by law; but it is said this schedule was not *delivered.* Plaintiff testified he told appellant when he read the execution to him, that he was ready to schedule and would go right over to the squire's office and do so and requested appellant to come. The latter said he did not have time. Plaintiff then said he would go over, make the schedule, and leave it with the squire for appellant, who replied, all right, he would afterward

T., St. L. & K. C. R. R. Co. v. Conroy.

go and get it.  Plaintiff at once went over to said office, there made out, subscribed and swore to the schedule and left it with the squire, for appellant, as had been agreed.  Plaintiff was corroborated to some extent by the witness Phillips, and contradicted by appellant.  We think the court below was fully justified in finding as it did for plaintiff.  There was a substantial delivery of the schedule to the officer.  It was left for him at the place appointed and where he agreed to go and get it.  By his assent to the arrangement made for delivery, he induced plaintiff to act with the honest belief that such delivery would be accepted, and can not now be permitted to repudiate his agreement.  It is aptly said in Langston v. Murphy, 31 Ill. App. 188, "It is the duty of a constable, in seeking to enforce an execution, to act fairly and in good faith, and not use the provisions of the exemption law as a trap to catch the debtors who are honestly and in good faith seeking to avail themselves of its benefits."

No reason is perceived for reversing the judgment and it is affirmed.

*Judgment affirmed.*