## John McClellan v. Frank Powell.

1. WORDS AND PHRASES—*Construction of Term "Household and Kitchen Furniture" Used in Schedule of Personal Property.*—The term "household and kitchen furniture" may be reasonably construed to include the household silverware. Household furniture includes all personal chattels which may contribute to the use or convenience of the householder, or the ornament of the house, such as plate, linen, china and pictures.

2. DEBTOR AND CREDITOR—*Schedule of Personal Property Insufficient under the Statute.*—A schedule containing the item "Personal property, household and kitchen furniture, tobacco and cigars," is too general in the description of both the household silverware and cigars and tobacco, to meet the requirements of the statute, which provides that the debtor shall make a schedule of all his personal property of every kind and character.

3. SAME—*Waiver of Proper Schedule.*—When a constable accepts a schedule without objection to its form or substance, he may not afterward say that it was not in compliance with the law.

4. STATUTES—*Statutes Exempting Property from Levy Liberally*

*Construed.*—Statutes exempting property from levy and sale for debt are not to be strictly construed, but they should receive such construction as will carry out the obvious purpose of the legislature in enacting them, to protect the debtor.

5. EXECUTIONS—*Constables Seeking to Enforce, Must Act in Good Faith.*—It is the duty of a constable in seeking to enforce an execution to act fairly and in good faith, and not use the provisions of the exemption law as a trap to catch those debtors who are honestly and in good faith seeking to avail themselves of its benefits.

Replevin.—Appeal from the Circuit Court of McLean County; the Hon. COLOSTIN D. MYERS, Judge presiding. Heard in this court at the November term, 1902. Affirmed. Opinion filed August 28, 1903.

LIVINGSTON & BACH and COVEY, MANN & COVEY, attorneys for appellant.

JAMES P. GROVE, counsel for appellee; CHARLES L. CAPEN, of counsel.

The exemption laws are made for the poor and unfortunate, and should be liberally construed by the courts, and the rights of such debtors fully and freely upheld without stint or grudging. Morrissey v. Feeley, 36 Ill. App. 556.

Constables may not, upon technical objections, fritter away the benefit intended by the legislature to be conferred upon the family by the exemption statute. A substantial compliance with the statute is all that should be required. Schumann v. Pilcher, 36 Ill. App. 43.

When a constable accepts a schedule without objection to its form or substance, he can not afterward say it was not in compliance with the law. Pensoneau v. Masserang, 8 Ill. App. 298; Langston v. Murphy, 31 Id. 188.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This is a suit in replevin brought by appellee against appellant, for the recovery of certain property levied upon by appellant as constable, under an execution against appellee. Appellee claimed the property as exempt under the statute. At the time of the levy, appellee was conducting a cigar store and restaurant. He was the head of a family consisting of himself and wife, with whom he resided.

The property levied upon consisted of a stock of cigars and smoking and chewing tobacco of various grades, brands and values, and a lot of silverware, consisting of knives, forks, spoons, castors, a sugar bowl and cream pitcher. Several days prior to the levy, appellee presented to appellant a schedule, which, as far as pertains to the property here involved, was as follows:

" Personal property, household and kitchen furniture, tobacco and cigars."

Appellant received the schedule without making any objection to the form or substance thereof, and several days afterward, proceeded to levy upon the cigars, tobacco and silverware.

The property levied upon was shown to be worth $180, and the value of all the personal property then owned by appellee was shown to not exceed the sum of $300. The only questions involved in the case are whether the silverware can properly be classed as " household " or " kitchen " " furniture;" and whether the general description " tobacco and cigars " is sufficiently specific to meet the requirements of the statute and cover the various kinds and grades of cigars, chewing and smoking tobacco levied upon. We think the term " household and kitchen furniture " may be reasonably construed to include the silverware. " Household furniture includes all personal chattels which may contribute to the use or convenience of the householder, or the ornament of the house, such as plate, linen, china and pictures." 1 Bouv. Law Dict. 702; And. Law Dict. 483. The schedule is clearly too general, however, in the description of both the silverware and cigars and tobacco, to meet the requirements of the statute, which provides that the debtor shall " make a schedule of all of his personal property of every kind and character." (Starr & Curtis Ann. Stat., Chap. 52, Sec. 14.)

" It should have listed separately each article of a distinct kind or distinct quality, grade or description of the same kind, to enable the appraisers to more readily affix the value of each article contained in it." Moffett v. Sheehey, 52 Ill. App. 376.

McClellan v. Powell.

The appellant might well have objected to the schedule, but failed to do so.

" When a constable accepts a schedule without objection to its form or substance, he can not afterward say that it was not in compliance with the law." Pensoneau v. Masserang, 8 Ill. App. 298; Langston v. Murphy, 31 Ill. App. 188.

There is nothing in the record tending to show that appellee was not honestly and in good faith attempting to avail himself of his rights under the exemption law, and it is fair to presume that if objection had been made to the form of the schedule, he would have willingly made it more specific, which he could readily have done without danger of having the property levied upon.

Judgment debtors, who need for themselves and families the protection and benefit of the exemption law, may be said to be, as a class, ignorant of legal forms or methods, and often unable to obtain, because of poverty, legal advice and assistance, and the beneficent purpose and object of law would frequently be largely nullified, if it was strictly and technically construed.

" Statutes exempting property from levy and sale for debt are not to be strictly construed, but they should receive such construction as will carry out the obvious purpose of the legislature in enacting them, to protect the debtor." Finlen v. Howard, 126 Ill. 259.

Inasmuch as all the personal property set out in the schedule was worth less than $300, and was therefore exempt, if properly scheduled, the levy was undoubtedly made by appellant with a view to taking advantage of the insufficiency of the schedule.

At the time of the levy, when appellee called the attention of appellant to the fact that the property had been scheduled, appellant replied, in substance, that he had orders to make the levy notwithstanding.

" It is the duty of a constable in seeking to enforce an execution, to act fairly and in good faith, and not use the provisions of the exemption law as a trap to catch those debtors who are honestly, and in good faith, seeking to avail

themselves of its benefits." Langston v. Murphy, 31 Ill. App. 188.

For the reasons indicated, we are of the opinion that the trial court properly refused the propositions of law offered by appellant, that the finding and judgment were proper, and that the judgment should be affirmed.