## George W. Ehrhart v. Curtis W. Rork.

1. NEW PROMISE—*when admission of evidence of, cannot be assigned as error.* The admission of evidence of a new promise made after a discharge in bankruptcy cannot be complained of as incompetent under the pleadings, where the defendant by the introduction of contradictory evidence treated the question as to whether or not a new promise was made as properly in issue.

2. DISCHARGE IN BANKRUPTCY—*when claim is released by.* The words "fiduciary capacity," as used in section 17 of the Bankruptcy Act, are to be given a restricted interpretation so that only such claims as arise from a defalcation while acting in a fiduciary relation giving rise to a technical trust, are released by a discharge in bankruptcy.

3. EMBEZZLEMENT—*what essential to constitute.* To constitute embezzlement, the misappropriation must have been intentional and fraudulent.

Action of assumpsit. Appeal from the Circuit Court of Macon County; the Hon. WILLIAM G. COCHRAN, Judge, presiding. Heard in this court at the November term, 1903. Reversed and remanded. Opinion filed June 28, 1904.

REDMON & HOGAN and C. C. LeFORGEE, for appellant.

O. C. ADAMS and I. A. BUCKINGHAM, for appellee.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

Appellee brought this action in assumpsit against appellant, and on the trial recovered a judgment for $107.75 and costs. To the declaration, consisting of the common counts, with a bill of particulars, defendant filed pleas of the general issue and discharge in bankruptcy, on October 5, 1899. Plaintiff replied that the several causes of action accrued to him after October 5, 1899, and that the same

were excepted by the provisions of the Bankruptcy Act from the operation of such discharge. The items in controversy are, first, the sum of $55 with accrued interest, paid by plaintiff in liquidation of a note for $70 dated January 10, 1890, upon which he was surety for defendant; second, the sum of $70 claimed by plaintiff to have been paid by him to defendant for two abstracts of title prepared for plaintiff by one McIntosh, which amount defendant failed to pay over to McIntosh; and third, the sum of $110 and accrued interest, being the amount of two notes payable to plaintiff and placed by him in defendant's hands for collection, which plaintiff claims defendant collected or negotiated and failed to account for. The defense as to the first item was payment and as to the second and third, payment and discharge in bankruptcy.

Plaintiff introduced evidence tending to prove a new promise by defendant, after his discharge in bankruptcy, to pay the third item of the account, and the court gave an instruction authorizing a recovery, based upon proof of such new promise. It is insisted that evidence of a new promise was not competent under the pleadings and that the instruction should have been refused. Plaintiff did not specifically plead a new promise, but if the evidence was not competent under his replication that the cause of action accrued to him after October 5, 1899, it was introduced without objection, and whether or not a new promise was made, was treated by defendant as a fact properly in issue, by introducing contradictory evidence. Defendant cannot now, for the first time, be permitted to urge that the introduction of such evidence and the giving of an instruction predicated thereon was error. It is insisted by plaintiff that proof that he paid to defendant the sum of $70 to be by the latter paid to McIntosh for the abstracts of title, and that he gave to defendant the two notes in question for collection, established such a fiduciary relation between the parties, as, that, within the meaning of section 17 of the Bankruptcy Act, the debt to plaintiff created by defendant's failure to pay the $70 to McIntosh and his collecting

or negotiating the two notes without accounting therefor
to plaintiff, would not be released by defendant's discharge
in bankruptcy. The trial court adopted this view, and so
instructed the jury. The section in question, so far as it is
pertinent to this case, is as follows : " A discharge in bank-
ruptcy shall release a bankrupt from all his provable debts,
except such as    *    *    *    (4) were created by his fraud, em-
bezzlement, misappropriation, or defalcation while acting
as an officer or in any fiduciary capacity.", The phrase
" while acting as an officer or in any fiduciary capacity "
does not qualify or limit the words " fraud, embezzlement,
misappropriation," that precede it, but only the word "de-
falcation," and this section must be so interpreted. Craw-
ford v. Burke, 201 Ill. 581.

There is great contrariety of opinion in courts of last re-
sort, as to the interpretation of the words " fiduciary capac-
ity " as used in the section under consideration. However
we might be inclined to interpret them if the question was
presented as one of first impression, we are bound to follow
the interpretation adopted by our own Supreme Court in
Svanoe v. Jurgens, 144 Ill. 507. The court in that case, in
construing the language of the Bankruptcy Act of 1867
adopted the reasoning of the Supreme Court of the United
States in Chapman v. Forsyth, 2 How. (U. S.) 202, wherein
it construed somewhat similar language in the Bankrupt
Act of 1841, and hold that the words " fiduciary capacity "
are to be interpreted in a restricted sense, and to include
only technical trusts and not such as arise by implication of
law from a contract of agency.

In this case the court in instructing the jury misinter-
preted section 17 of the act in question, by denominating
the relation of the defendant as fiduciary, and in qual-
ifying or limiting the words " fraud, embezzlement, mis-
appropriation " by the phrase " while acting," etc. The
instructions were also erroneous in authorizing the jury to
find the defendant guilty of embezzlement, upon proof
merely that he collected money for the plaintiff and appro-
priated the same. To constitute embezzlement the misap-

propriation must be intentional and fraudulent. 2 Bishop's New Crim. Law, par. 352; .1 Wharton's Crim. Law, par. 1009. In view of the fact that there was evidence tending to prove that plaintiff consented to the appropriation by defendant of the money collected, and knowingly assumed the relation of an ordinary creditor, the instructions should have been qualified as suggested.

The evidence comes far short of authorizing a recovery by plaintiff of the item of $70 paid by him to defendant for abstracts of title prepared by McIntosh. There was no contract relation whatever between plaintiff and McIntosh. The abstracts of title were prepared by McIntosh upon an order therefor to him by defendant and not by plaintiff, and the charge therefor on the books of McIntosh was made against defendant. The evidence of the transa ction shows conclusively that the defendant and not the plaintiff was the debtor to McIntosh.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*