## In re WENHAM.

(District Court, S. D. New York. May, 1906.)

1. BANKRUPTCY—EXEMPTION OF BANKRUPT FROM ARREST—CONSTRUCTION OF STATUTE.

Under Bankr. Act July 1, 1898, c. 541, § 9a, 30 Stat. 549 [U. S. Comp. St. 1901, p. 3425], which provides that a bankrupt shall be exempt from arrest upon civil process, except "(1) when issued from a court of bankruptcy for contempt or disobedience of its lawful orders; (2) when issued from a state court having jurisdiction and served within such state upon a debt or claim from which his discharge in bankruptcy would not be a release," a bankrupt is exempt from arrest or imprisonment upon civil process issued from a Circuit Court of the United States on a judgment of said court rendered prior to the bankruptcy proceedings.

2. SAME—DEBTS RELEASED BY DISCHARGE—MISAPPROPRIATION BY AGENT.

A judgment obtained by a railroad company against a ticket agent for money collected by him for tickets sold and misappropriated to his own use is not one for a debt which is a liability for obtaining property by false pretenses or false representations, nor for a debt created by his fraud, embezzlement, misappropriation, or defalcation while acting as an officer or in any fiduciary capacity within the meaning of Bankr. Act July 1, 1898, c. 541, § 17a, 30 Stat. 550 [U. S. Comp. St. 1901, p. 3428], but is one from which the defendant would be released by a discharge in bankruptcy, and after his adjudication as a bankrupt he is exempt from arrest thereon.

Habeas Corpus to Test the Validity of Imprisonment of Bankrupt.

John J. Lordan, for petitioner.

Charles A. Hess and Jerome S. Hess, for respondent.

HOLT, District Judge. This is a writ of habeas corpus to test the validity of the bankrupt's imprisonment.

The bankrupt is imprisoned in Ludlow street jail under an order of arrest issued by the United States Circuit Court for the Southern District of New York on January 26, 1906, holding the bankrupt to bail in the sum of $40,000, and an execution against the person subsequently issued in said action. The action was brought against the bankrupt by the Canadian Pacific Railway Company. The complaint alleged that the bankrupt was a ticket agent of the Canadian Pacific Railway Company, and that, as such agent, he converted to his own use over $50,000, the proceeds of passenger tickets sold by him, and other moneys collected by him, which he should have accounted for to the railway company. Before the adjudication in bankruptcy judgment was entered against the bankrupt in said action for about $56,000, and since the bankruptcy an execution against the person has been issued upon the said judgment under which the marshal detains the bankrupt.

The question in this case is not whether the bankrupt has been guilty of reprehensible or fraudulent or criminal acts. The question is whether he is exempt from arrest under section 9a of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 549 [U. S. Comp. St. 1901, p. 3425]). That section provides as follows:

"A bankrupt shall be exempt from arrest upon civil process, except in the following cases: (1) When issued from a court of bankruptcy for contempt

or disobedience of its lawful orders; (2) when issued from a State court having jurisdiction and served within such State upon a debt or claim from which his discharge in bankruptcy would not be a release."

In the first place, in my opinion, the petitioner is exempt from arrest in this case, on the ground that he has not been arrested by a civil process from a court of bankruptcy, or from a state court. He is held under process issued from the United States Circuit Court.

In the next place, in my opinion, he is not held upon a debt or claim from which his discharge in bankruptcy would not be a release. Section 17a of the bankruptcy act (30 Stat. 550 [U. S. Comp. St. 1901, p. 3428]) provides that a discharge in bankruptcy shall release a bankrupt from all of his provable debts, with certain exceptions. The only exceptions which are relied upon in this case are debts "which are liabilities for obtaining property by false pretenses or false representations," or which "were created by his fraud, embezzlement, misappropriation or defalcation while acting as an officer or in any fiduciary capacity." The evidence does not show that the bankrupt obtained any property by false pretenses or false representations. He made numerous false pretenses and false representations to the Canadian Pacific Railway Company by which he concealed the fact that he had converted money which was due to the company, but he obtained no money from the Canadian Pacific Railway Company by false pretenses or false representations. The money was all obtained from third parties. Nor were the debts created by fraud, embezzlement, misappropriation, or defalcation while acting as an officer or in any fiduciary capacity, in the sense in which that language is used in the seventeenth section of the bankruptcy act. The authorities establish that the phrase, "while acting as an officer or in any fiduciary capacity," qualify all the preceding words, "fraud, embezzlement, misappropriation or defalcation," and do not simply refer to the last word "defalcation," and that the "fiduciary capacity" referred to in this section relates to that of a trustee of an express trust. Crawford v. Burke, 195 U. S. 176, 25 Sup. Ct. 9, 49 L. Ed. 147, 12 Am. Bankr. Rep. 659; Chapman v. Forsyth, 2 How. 202, 11 L. Ed. 236; Hennequin v. Clews, 111 U. S. 676, 4 Sup. Ct. 576, 28 L. Ed. 565; In re Harper (D. C.) 13 Am. Bankr. Rep. 430, 133 Fed. 970.

There may be some doubt, under the decisions, whether the term "officer" in this section is confined in its meaning to a public officer, as provided in the previous bankrupt act, or whether it applies to any officer, including an officer of a corporation. But the bankrupt was not an officer of the Canadian Pacific Railway Company. He was a mere agent—a ticket agent.

My conclusion is that the prisoner should be discharged.