## R. P. Burns, Appellant, v. J. H. Turner, Appellee.

### Gen. No. 5,941.

1. EXEMPTIONS, § 27*—*when failure to claim exemption waiver of right.* A debtor must claim his exemption in property not specifically exempt from levy and sale on execution, since the right is a personal privilege to be taken advantage of only by the execution debtor.

2. EXEMPTIONS, § 28*—*sufficiency of claim of exemption.* A claim of the exemption of property from levy and sale on execution must be clear and unequivocal so that the levying officer may understand it.

3. EXEMPTIONS, § 3*—*when exemption laws liberally construed.* Statutes exempting property from levy and sale on execution for debt are to be liberally construed so as to protect debtors.

4. EXEMPTIONS, § 24*—*when omission of property from schedule waiver of exemption.* The protection of the statute exempting property from levy and sale on execution is withdrawn as to all property omitted from the schedule of exemptions, independently of any question of fraud, inadvertence or mistake, except that of the levying officer or some third person interested in the collection of the execution.

5. EXEMPTIONS, § 28*—*when "miscellaneous articles" of designated value insufficient description of exempt property.* An item in a schedule given a levying officer under section 2 of the Exemption Act (J. & A. ¶ 5584), of "miscellaneous articles $25.00," is not a sufficient designation of exempt property.

Appeal from the Circuit Court of Peoria county; the Hon. THEODORE 'N. GREEN, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed March 9, 1915.

WOLFENBARGER & MAY, for appellant.

KIRK & SHURTLEFF, for appellee.

MR. PRESIDING JUSTICE CARNES delivered the opinion of the court.

On February 20, 1913, an execution issued out of a justice of the peace court on a judgment of $196.20

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

against R. P. Burns, the appellant, and was placed in the hands of J. H. Turner, the appellee, a constable, for service, and was by him served upon Burns. On March 1, 1913, Burns filed with the justice of the peace, in attempted compliance with section 2 of our Exemption Act (J. & A. ¶ 5584), a schedule of his personal property in which he named, item by item, nineteen articles of household property, and set against item twenty, "miscellaneous articles $25.00." He carried out his own estimate of value against each of the other items and scheduled cash on hand $4, making a total valuation, according to his estimate of values, of $159.75. On March 8, 1913, after the ten days limited by the statute for filing schedule had expired, appellee levied upon and afterwards sold property of appellant not specifically named in the schedule, consisting of eight items as follows: One porch swing, one ice box, one wringer, one roll top desk, one sewing machine, one washing machine, one office chair, and one organ. This property brought at the execution sale $16.10, and appellant claims, and testified, that it was worth at a fair voluntary sale $43.50. This suit was brought under section 5 of the Exemption Act (J. & A. ¶ 5587) making an officer taking or seizing articles of exempt property liable for double the value of the property so illegally taken or seized. A jury trial resulted in a verdict and judgment for the defendant, from which judgment this appeal is prosecuted.

The statute provides that if a debtor desires to avail himself of the benefit of the act, that he must file a schedule of his property within ten days from the service of the execution, and deliver the same to the officer having the execution, or file the same with the justice where the writ is issued, and that "any property owned by the debtor and not included in said schedule shall not be exempt." There are various other provisions of the statute not necessary to

mention as they were all complied with. The main question presented here is, whether the designation "miscellaneous articles" in the schedule was a compliance with the statute that entitled appellant to claim the above-mentioned eight items of property as exempt. Appellee proceeded on the theory that it was not a compliance with the law protecting exempt property, and that the items not being specifically named in the schedule, he had the same right and duty to levy upon and sell them as if the item "miscellaneous articles" had been omitted from the schedule. Appellant's contention is that it was a sufficient designation of the property and that appellee's liability is the same as if the eight items had been specifically set out in the schedule. It also appeared that on the day of the levy appellee was notified by appellant in writing that these eight items of property were included in the item "miscellaneous articles" and that he claimed these items as exempt, and appellant bases some claim on this notice, which was given as we have before said, some time after the ten-day period for filing the schedule had expired. Appellant also claims that the constable accepted the schedule without exception, that is that he did not notify the debtor that the item "miscellaneous articles" was an insufficient description of property claimed as exempt, and for that reason he should be estopped in this suit from claiming that the description was not sufficiently definite. The argument proceeds on the theory that the schedule was given to appellee, as it might have been under the statute, but the record seems to show that it was filed with the justice, as was also proper under the statute.

It is a general rule, applying to exemption of personal property from levy and sale under execution, that if the property is not specifically exempt, the debtor must claim the exemption; that it is a personal privilege to be taken advantage of only by the execution debtor, and that the claim should be clear and un-

equivocal that the officer may understand it, and if the statute prescribes the manner of claiming the exemption its provisions must be followed. 18 Cyc. 1468 et seq. If the statute requires a schedule it must be made in substantial compliance with the statutory requirements, but not necessarily a literal compliance. Statutes creating exemptions of property from levy and sale for debt are to be liberally construed to carry out the purpose of the legislature in enacting them, to protect debtors.

This court said in *Johnson v. Larcade,* 110 Ill. App. 611: "Before a debtor can avail himself of the benefits of the statute (exemptions) he must comply with all the requirements it makes of him." This no doubt is a correct statement supported by authorities there cited. We are also of the opinion that the question of good faith and honest effort on the part of the debtor to comply with the statute is not of such importance as appellant assumes. It is true the debtor may lose his right of exemption by his own fraud, but it does not follow that if he neglects to schedule because he mistakes the law or forgets the time within which the schedule is required to be filed, or otherwise through accident or mistake fails to substantially comply with the law, that he will be protected. The case of *Blair v. Parker,* 4 Ill. App. 409, and *Biggs v. McKenzie,* 16 Ill. App. 286, are each authority for the proposition that the protection given by the statute, upon compliance with its conditions, is withdrawn from all property not scheduled, and this independently of any questions of fraud, inadvertence or mistake. And we think this a correct statement of law with the qualification that fraudulent acts of the officer taking the schedule, or perhaps of some other party interested in the collection of the execution, may have a bearing in determining questions arising in such cases. Courts have sometimes held an officer estopped by his own act from question-

ing the regularity of a schedule. The rule is good as to inadvertence and mistake, and we do not see that any consideration of fraud, misconduct or neglect of appellee enters into this case. He neither drafted nor advised about the drafting of the schedule; it was not delivered to him; it is to be inferred that he did not see it until after the time for filing elapsed; appellant testified that he made it on the last day permitted by the statute; it was prepared by a lawyer and filed with the justice of the peace. Under these circumstances, whatever might be the rule, had the justice or constable undertaken to advise appellant in the matter, there is no ground for saying that they, or either of them, omitted any duty they owed appellant in not advising him that the designation "miscellaneous articles" was not a sufficient description. Appellant seems to be a business man, an insurance agent, he was acting under the advice of counsel, and we do not see that either the justice or constable was under any duty, legal or moral, to advise him of their opinion in the matter.

Remembering the general rules above stated, it is easy to determine that an attempt to schedule valuable, distinct items of personal property by some general designation like "all other personal property," or "sundries," or "livestock" would be ineffectual. On the other hand, a rule that no personal property should be protected by the schedule if not specifically named might be too broad. It is said in *McClellan v. Powell,* 109 Ill. App. 222, quoting from *Moffett v. Sheehey,* 52 Ill. App. 376, that the debtor should list "separately each article of a distinct kind or distinct quality, grade or description of the same kind, to enable the appraisers to more readily affix the value of each article contained in it." In *Driggs v. Roth,* 97 Ill. App. 39, the item in a debtor's schedule "forty or fifty dollars worth of meat" was held an insufficient description. This court held in *Keenan v. Drew,* 144 Ill. App. 388,

that the description "thirty acres of growing corn upon which there is a mortgage" was sufficient to entitle the debtor to his exemption, after the verdict of a jury that the field of corn scheduled was the field levied on and sold by the officer.

It would be of little profit to note and discuss cases of other jurisdictions holding certain words or phrases in a debtor's schedule a sufficient or insufficient description. The purpose of describing the property is to enable the officer to find it and have it appraised. The purpose of describing personal property in a chattel mortgage is that parties interested may know what it is, and the courts have often been called upon to pass on the sufficiency of the description in such instruments. 6 Cyc. 1022 *et seq.* The conclusion to be drawn from the authorities is that there can be no fixed rule as to what words would in all cases be sufficient. It is often said that it is important to give the location of the property, though not always absolutely necessary. If the article in question is rare it can be more readily found by a general description, therefore a general description might be good as to such an article and bad as to one that is common, and there are various other considerations entering into the problem whether the description of personal property is sufficient in the various cases in which the question arises.

There is no claim here that the property is identified or described in any way, beyond what may be inferred from the term "miscellaneous articles," and the fact that appellant owned them and valued them at $25. There might be two or a hundred of the articles. No clue is given to their character or where they are located. We are of the opinion that the description must be held insufficient, and not a substantial compliance with the statute. The debtor's right of exemption rests entirely on the statute, and failing

to bring himself substantially within its provisions the right is lost.

We are of the opinion that appellant acquired no right by his written notice to appellee, at the time of the levy, that the articles in question were covered by the description "miscellaneous articles." The question of a debtor's right to amend his schedule is not involved. Appellant did not amend his schedule or ask to amend it. The writing in question was simply an assertion of his contention here that the description was sufficient to cover the articles about to be levied upon. Under former statutes there was no time fixed within which the debtor should file his schedule. Under the present statute it is quite clear that a debtor could not be permitted to file a schedule describing his property in general terms that would not enable the constable to find it, and then after the ten days elapsed file an amended schedule properly describing the items of property. Much less could he be permitted to remedy a defective schedule by a written statement to the effect that he regarded it sufficient.

Complaint is made of the action of the court in giving and refusing instructions. If there was any controverted fact for the jury to pass upon, it is sufficient to say that the instructions were more favorable to appellant than they should have been under the views above expressed. The judgment is affirmed.

*Affirmed.*