## In re CAMERON.
### No. 2263.

District Court, E. D. Illinois.
April 18, 1934.

Schneider & Schneider, of Paxton, Ill., for bankrupt.

C. M. Swanson, of Paxton, Ill., for trustee.

LINDLEY, District Judge.

The bankrupt scheduled as a part of his assets, under the heading "Debts due petitioner on open account," the sum of $757.15 due from Bartlett Frazier Company, Chicago, Ill. This money the trustee has collected. The bankrupt having no chattel property, the trustee filed report that there were no exemptions to be set off to him. The bankrupt thereupon objected to the report, claiming $400 as exempt under the statute of the state of Illinois, and prayed that the same might be set off to him from the moneys collected from Bartlett Frazier Company. The referee found that the statutes of Illinois do not warrant the setting off of exemptions from moneys due the bankrupt and approved the trustee's report. This review follows.

Bartlett Frazier Company was a brokerage grain commission firm doing business on the Board of Trade in Chicago with whom the bankrupt had had an account for some period of time. Through this firm he bought and sold grain on the Board of Trade. The brokerage house would credit his account with proceeds of grain sold and debit it with proceeds of grain purchased. At the time bankruptcy intervened, there was a credit balance due the bankrupt in the sum of $757.15 as hereinbefore mentioned.

The statute of the state of Illinois, Smith-Hurd Rev. St. 1933, c. 52, § 13, Cahill's Rev. St. 1933, c. 52, par. 13, provides that "personal property" owned by the debtor when married shall be exempt from execution to the extent of $400 in value. The statute, however, contains this provision: "Provided, that such selection and exemption shall not be made by the debtor, or allowed to him or her from any other money, salary or wages due him or her from any person or persons or corporation whatever." The Supreme Court of Illinois has held that this proviso excludes from the debtor's estate, out of which he may make his selection of exempt property, all money due him, without regard to the character of the indebtedness or the

circumstances under which it arose. Finlen v. Howard, 126 Ill. 259, 18 N. E. 560. It has been said that the language of the proviso is plain and unambiguous and that the intent is to forbid the debtor from selecting as exempt any money due him whatever may have been the circumstances under which it became due. Reade v. Kerr, 52 Ill. App. 467. Inasmuch as the federal courts are bound by the interpretation of the exemption statute of the state within whose limits the court exists, we are bound by the interpretation aforesaid.

■ However, it is contended by the bankrupt that the brokerage house, being his agent, was a fiduciary; that the money in its hands was held in trust for the bankrupt; was in fact his money and, therefore, is a part of his estate from which he may have his statutory exemption.

The Supreme Court of the United States in Crawford v. Burke, 195 U. S. 176, 25 S. Ct. 9, 11, 49 L. Ed. 147, said:

"We may remark here, in passing, that ever since the case of Chapman v. Forsyth, 2 How. 202, 11 L. Ed. 236, this court has held that a commission merchant and factor who sells for others is not indebted in a fiduciary capacity within the bankruptcy acts by withholding the money received for property sold by him. This rule was made under the Bankruptcy Act of 1841 [5 Stat. 440], and has since been repeated many times under subsequent acts. Neal v. Clark, 95 U. S. 708, 24 L. Ed. 586; Hennequin v. Clews, 111 U. S. 679, 28 L. Ed. 567, 4 S. Ct. 576; Noble v. Hammond, 129 U. S. 68, 32 L. Ed. 623, 9 S. Ct. 235; Upshur v. Briscoe, 138 U. S. 375, 34 L. Ed. 934, 11 S. Ct. 313,—as well as in cases in the state courts, too numerous for citation."

In Furber v. Dane, 204 Mass. 412, 90 N. E. 859, 860, 27 L. R. A. (N. S.) 808, the court said:

"It is settled in this commonwealth that the relation between such commission merchants or brokers and their customers is, in the absence of special circumstances, merely that of debtor and creditor, and not a fiduciary relation. Such a factor or broker, as was said by Merrick, J., in Vail v. Durant, 7 Allen [Mass.] 408, 410, 83 Am. Dec. 695, 'does not and is not required to keep the money received upon the sale of goods of different consignors in separate and distinct parcels, but mingles all in a common mass and with the like funds of his own, from whatever source derived. In such case he becomes at once a debtor to his principal and is liable to an action for the balance shown to be due by his account of sales, immediately after its rendition, and without any previous demand.' Com. v. Stearns, 2 Metc. [Mass.] 343, 348."

In Keefauver v. Hevenor, 163 App. Div. 531, 148 N. Y. S. 434, 435, the court said:

"Only public officers and trustees, and not agents, factors, commissionmen, and the like are fiduciary debtors."

In Haggerty v. Badkin, 72 N. J. Eq. 473, 66 A. 420, 425, the court said:

"I have already referred to the reasoning by which the courts have held that the ordinary relation between factor and principal was not fiduciary within the meaning of that word here involved. It is that those transactions are mercantile transactions in which the principal must have known that his factor would, in the ordinary course of business, mingle the money received from the sale of his goods with his own, and that the ordinary relation of debtor and creditor arose out of those transactions, and that it was not the duty of the factor to earmark or segregate the proceeds of the sale of his principal's goods and remit at once. In fact, the ordinary course of business in such cases renders such restrictive dealing impracticable. The principal often obtains from the factor money in advance upon his goods, and the goods are not sold ordinarily in a lump, nor is the payment received in a single lump. The principal relies upon the personal responsibility of his factor."

Among private trustees or trustees of implied trusts whose debts have been held not to be within the classification of fiduciary debts, are general agents to collect money (Ehrhart v. Rork, 114 Ill. App. 509); agents to make loans (Bracken v. Milner (C. C.) 104 F. 522, writ of error dismissed in [C. C. A.] 115 F. 1020); insurance agents (Boyd v. Agricultural Ins. Co., 20 Colo. App. 28, 76 P. 986); railroad ticket agents (Re Wenham [D. C.] 153 F. 910); brokers (Crawford v. Burke, 195 U. S. 176, 25 S. Ct. 9, 49 L. Ed. 147; Knott v. Putnam (D. C.) 107 F. 907; Re Gaylord [D. C.] 113 F. 131; Barrett v. Prince [C. C. A.] 143 F. 302); factors and commission merchants (Re Basch [D. C.] 97 F. 761; Re Adler [C. C. A.] 152 F. 422; Mathieu v. Goldberg [C. C.] 156 F. 541; Re Ennis & Stoppani [D. C.] 171 F. 755); naked bailees of money (Lewis v. Shaw, 122 App. Div. 96, 106 N. Y. S. 1012); warehousemen (if the goods were not to be returned in kind) (Sumner v. Richie, 54 Iowa, 554, 6 N. W. 752).

Though the court recognizes the liberality with which exemption statutes are to be interpreted, in view of the language of the Supreme Court of Illinois construing the Illinois statute and the reasoning in the cases cited defining fiduciary debts, it is impelled to conclude that the bankrupt may not select as exempt any part of the money represented in the claim against Bartlett Frazier Company.

The report of the referee will, therefore, be approved, and the cause rereferred to him with direction to proceed in accordance with the conclusions herein noted.