## In re FEILCHENFELD.

## CANADA PERMANENT TRUST CO. et al. v. FEILCHENFELD.

### Nos. 6649, 6666.

Circuit Court of Appeals, Seventh Circuit. Oct. 19, 1938.

---

[5] John Morrell & Co. v. Boyd W. Doyle et al., 7 Cir., 97 F.2d 232.

Gilbert F. Wagner, of Chicago, for appellant.

Harry R. Chapman, of Chicago, for appellee.

Before SPARKS, MAJOR, and TREANOR, Circuit Judges.

PER CURIAM.

This appeal is from an order of the District Court approving an order of the referee allowing bankrupt's claim of exemption as to sixteen shares of corporate stock held by him. The sole controversy is as to the propriety of permitting a statutory exemption to cover property of the nature of shares of corporate stock. The only other asset of the estate is $285 received from some insurance policies.

Appellant is a Trust Company, acting as executor of one A. Van Tassel who is a creditor of the bankrupt to the extent of $6,500. The trustee in bankruptcy joins the Trust Company in opposing the granting of the exemption covering the stock.

The Bankruptcy Act provides, 11 U.S.C.A. § 24: "The provisions of this title shall not affect the allowance to bankrupts of the exemptions which are prescribed by the State laws in force at the time of the filing of the petition in the State wherein they have had their domicile * * *."

The Illinois exemption statute and decisions, if any, are therefore controlling in determining the validity of the bankrupt's claimed exemption.

The Illinois statute, Smith-Hurd Stats. c. 52, § 13, provides:

"That the following personal property, owned by the debtor, shall be exempt from execution, writ of attachment and distress for rent, viz:

"First—The necessary wearing apparel, bible, school books, and family pictures of every person; and

"Second—For one year after the receipt thereof all money received by any person * * * as a pension * * *; and

"Third—One hundred dollars' worth of household furniture and, in addition, when the debtor is the head of a family and resides with the same, three hundred dollars' worth of other household furniture, in lieu thereof, or,

"Fourth—One hundred dollars' worth of property, to be selected by the debtor, and in addition, when the debtor is the head of a family and resides with the same, three hundred dollars worth of other property, to be selected by the debtor.

"Provided, that such selection and exemption shall not be made by the debtor, or allowed to him or her from any other money, salary or wages due him or her from any person or persons or corporation whatever * * *."

There is no Illinois Supreme Court decision pertinent to the issue, at least none that counsel or we have been able to find. However, that court has held that the Illinois Exemption Statute is to be liberally construed. See Finlen v. Howard, 126 Ill. 259, 18 N.E. 560; Washburn v. Goodheart, 88 Ill. 229. See, also, Burns v. Turner, 193

712

Ill.App. 172; McClellan v. Powell, 109 Ill. App. 222; In re Cameron, 6 F.Supp. 530, D.C.Ill.

The objecting creditor contends that the exemption was intended to comprehend only tangible property, and not intangible property, such as stocks. We can find no basis for this contention either in the wording of the statute or the Illinois cases construing that statute. The proviso is as to money, salary or wages due from a corporation. A stockholder, by virtue of his stock ownership, is not a creditor of a corporation. His stock certificate shows an undivided interest in the assets of the corporation. The corporation owes him no debt. He is an owner of an interest in the corporation. Fletcher, in his Cyclopedia on Corporations, states (Sec. 3431), "A share of stock is not a credit, nor a debt owing by the corporation to the stockholder, in the sense in which the term is generally used. Shares of stock are clearly not 'money.'"

The Supreme Court of Illinois in the case of Pease v. Chicago Crayon Co., 235 Ill. 391, 85 N.E. 619, 18 L.R.A.,N.S., 1158, 14 Ann.Cas. 263, stated [page 620]: "Shares of the capital stock of a corporation are personal property subject to levy under a writ of attachment. * * * Neither under the attachment act nor garnishment act can a corporation be summoned as a garnishee to answer for shares of its stock where the certificate has been issued and delivered. In such a case the corporation cannot be said either to be indebted to its stockholder or to have in its possession property or effects belonging to him. A corporation might be indebted to a stockholder for dividends, but that question is not involved here. * * *"

The Illinois statute provides that the exemption may in the alternative be taken from "property" and "other property" if not selected from household furniture. The legislature could easily have restricted the selection to tangible property by so stating. The fact that it did not so limit the selection of exempt property is significant and impels us to the conclusion that it did not mean to restrict the selection. The terminology "other property" is very broad and must be held by us to include intangible as well as tangible property, where not specifically excluded by the statute.

The order of the District Court is affirmed.