# WILLIAM LINDLEY

## *v.*

# WILLIAM T. M. MILLER.

1. RECOUPMENT—*damages against rent*. In an ordinary action for rent under a lease, damages sustained by the tenant by a breach of the contract of leasing on the part of the landlord, may be set up by the tenant by way of recoupment, and deducted from the sum he owes as rent. And the same rule applies in a proceeding by distress for rent.

2. REPLEVY *of goods distrained for rent—plaintiff may show damages equal to rent due*. Where a distress has been replevied, the tenant may show that there have been breaches of the covenants or agreements on the part of the landlord which have produced damages equal to or greater than the amount of the rent due, and thus defeat the levy of the distress warrant.

3. SAME—*replication to avowry, justifying under distress for rent*. A replication to an avowry in an action of replevin justifying the taking under a distress for rent in arrear, which avers various breaches of the contract of leasing, whereby the tenant sustained great damage, is fatally defective, if it fails to aver that such damages are equal to or exceed the rent due. The naming of several amounts of damages which, when added together, exceed the rent claimed, will not be sufficient, as the party is not bound to prove such sums as laid. The pleading should contain a specific averment that the damages are equal to or greater than the rent in arrear.

4. DISTRESS FOR RENT—*legality of*. Where any portion of the rent remains due and unpaid, the landlord has the undoubted right to distrain. If the distress is excessive and oppressive, the landlord may be liable in an action on the case for damages, but this will not render the distress illegal so as to justify replevin of the property.

5. PLEADING—*what demurrer admits*. Where a pleading sets up damages for the breach of a contract or covenant, a demurrer thereto does not admit the amount of the damages claimed. It, at most, only admits that some damage has been sustained.

6. EXEMPTION—*waiver when not claimed in apt time*. Where property is distrained for rent, to render a claim that the same is exempt from levy availing, the selection must be made in apt time, and the property demanded before suit brought.

7. REPLEVIN—*damages to property*. Where, in distraining for rent, a horse and cow not levied on followed the other stock taken, which was

never refused to be delivered up, and the property distrained was replevied by the tenant, it was *held*, that, whatever liability, if any, the landlord incurred in reference to the horse and cow not distrained, it could not be settled in the action of replevin.

APPEAL from the Circuit Court of McLean county; the Hon. THOMAS F. TIPTON, Judge, presiding.

Mr. W. M. HATCH, for the appellant.

Messrs. HUGHES & McCART, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

It appears that appellant had rented a farm of appellee, and lived on it with his family, and cultivated it. The lease expired March 1, 1871, and the last installment of rent fell due on the first day of the previous February, but was not paid when due. After the maturity of the rent, and before the expiration of the term, appellee issued and placed in the hands of a bailiff, a landlord's warrant, to distrain for the rent. The writ was executed by seizing and removing the property described in the writ of replevin. In executing the warrant, and driving away the horses and cattle levied upon, one horse and a cow not levied upon followed the others to the place where the stock was impounded, and let into the enclosure with the other stock. Witnesses swear that efforts were made ·to drive the horse and cow back, but they were unable to prevent them from following.

The next day the bailiff gave appellant notice of the levy and distress, and informed him that the horse and cow were at appellee's, which he could get by going for them.

Before bringing this suit, appellant, by his agent, caused a demand to be made of all the property, but not of any specific portion of it. Nor was any claim then made that any portion was exempt, nor was any selection then made as being exempt from distress for rent. The property was not restored,

and appellant brought this action of replevin to regain possession. Appellee pleaded *non detinet, non cepit,* property in defendant, and an avowry, justifying the taking of the goods mentioned in the declaration as a distress for rent in arrear.

Appellant thereupon filed a replication to the avowry, in which he set up as a bar that appellee, as landlord, had failed to keep and perform the terms of the agreement contained in the lease, whereby he had sustained damage. The replication avers a breach in not furnishing lumber to build a fence, the work on which appellant was to perform and be paid therefor out of the rent; that he had lost thereby the use of the pasturage of the ground thus agreed to be fenced; also that he had failed to furnish hedge plants, and to plaster the house on the farm. And there are averments that, by reason of these several breaches of contract, appellant had sustained damage. It is also averred that appellee owed appellant for labor, but it is not averred that the indebtedness and the damages are equal to or exceed the amount due for rent. To this replication appellee filed a general demurrer, which was sustained by the court.

A trial was had on the issues formed, by the court and a jury, when a verdict was found for the defendant. After overruling a motion for a new trial, the court rendered a judgment for costs in favor of appellee and awarded a writ of *retorno habendo,* and the case is brought to this court on appeal.

The principal ground relied on for a reversal is, sustaining the demurrer to appellant's replication to the plea of justification.

It is urged by appellee that unliquidated damages growing out of a breach of the covenants contained in a lease by the landlord, can not be recouped in a proceeding of distress for rent, or in an action of replevin to regain possession of the property distrained.

In such a proceeding, the cases in this court hold that the true question is, what amount of rent is due the landlord,

and for which the distraint has been made. In ordinary actions for rent under the lease, according to the practice in this court, damages sustained by the tenant by a breach of the contract of lease on the part of the landlord, there can be no question, may be set up by way of recoupment, and be deducted from the sum the tenant owes for rent. This is permitted to prevent circuity of action, delay, and consequent increased expense to the parties. Where the whole matter connected with the transaction can be settled in one proceeding, and when permitted by the statute, there is no reason why there should be a number of separate actions. Convenience and the tendency to promote justice at a saving of expense to the parties, have induced the courts to give a liberal application of the practice allowing recoupment, where the damages sought to be set off grow out of the same transaction.

If, therefore, this had been an action of debt to recover the rent, or an action of covenant on the lease against appellant, there would be no doubt, under our decisions, that such damages could be recouped to reduce the amount of the recovery. And, for the same reason, when the landlord distrains and the court proceeds to ascertain the amount due and owing from the tenant, of course all payments on the rent are to be deducted. And, in this summary proceeding, no reason is perceived why a landlord should be permitted to sell property to raise money that, when sued on his covenants, he would be required to refund. It could only lead to delay, expense and costs, where no beneficial or just purpose could be attained. On the other hand, if all differences growing out of the relation are settled when the court ascertains for what sum the distress may be sold, justice is more completely attained, with less expense, and more promptly. See *Streeter* v. *Streeter*, 43 Ill. 155.

If a landlord, by reason of a breach of his covenants, is liable for damages to an extent equal to the rent, does the tenant justly owe anything for rent? On the other hand, it

is not in accordance with the practice of our courts to permit unliquidated damages growing out of other and distinct transactions, to be recouped in an action for the recovery of rent, or for a breach of covenants in the lease.

In such cases, the damages growing out of the contract of leasing can be set up as a defense. And so it must be limited in the trial to ascertain the sum due, and for which the distress may be sold. And so, where the distress has been replevied, the tenant may show that there have been breaches of the covenants or agreements on the part of the landlord, which have produced damages equal to or greater than the amount of rent due, and thus defeat the levy of the distress warrant.

But the replication in this case is fatally defective in failing to aver that the damages he has sustained by reason of the breach of appellee's agreement in the lease are equal to or exceed the rent due. The right to distrain exists where any portion of the rent is due. When the rent is in arrear, as is claimed in this case, or where any portion of it remains unpaid, the landlord has the undoubted right to distrain, and, for aught that appears in this replication, a large portion of the rent may have been due. If so, then there was a legal right to distrain. If the distress was excessive and oppressive, it may be the landlord might be liable for any damages thus inflicted, in an action of case. But still the levy under the distress warrant would be legal. But where there is no rent due, the landlord has no right to distrain; and if he does so the tenant may replevy the property. *Hare* v. *Stegall*, 60 Ill. 380. But it must appear on the trial in the replevin suit that there is nothing due for which the property could be sold, and the replication does not aver that there is no rent due, or that the damages sought to be recouped amount to as much or more than the rent in arrear.

It is true, that there are several amounts named in the replication, which, when added together, more than equal the rent. But such a statement of amounts in a pleading is not

binding, but under them the party may prove any, even but a small portion of the amount. And the demurrer does not admit the amount claimed. At most, it but admits that some damage has been sustained. There should have been a specific averment that the damages were equal to or exceeded the rent. Had it been made, it would have been traversable, and on the trial of that issue would have depended the question whether the levy was or not legal. The court did not err in sustaining the demurrer.

The claim that appellant should have recovered a portion of the property because it was exempt from distress, is without force. No portion of it was claimed or demanded on that ground. To render such a claim availing, the selection should have been made in apt time, and the property should have been demanded before replevin brought.

No specific demand was made for any particular property, and no claim was made that any of it was exempt when demanded. The horse and cow were not distrained and there was no refusal to deliver them up, and whatever may have been the liability of appellee, if any, in reference to that property, this is not an appropriate action in which to settle it. If appellee became liable for injury any of the property may have sustained, that question can not be settled in this action.

The only question involved in this case is, whether the levy was lawfully made, and appellant, to show it was not, endeavored, by his replication, to show there was nothing due for which the property could be distrained, but the replication was insufficient for the purpose.

Perceiving no error in this record, the judgment of the court below is affirmed.

*Judgment affirmed.*