CYRUS FANNING, for use, etc.

*v.*

THE FIRST NATIONAL BANK OF JACKSONVILLE.

1. EXEMPTION—*from garnishment.* The delivery of property in the hands of a garnishee to an officer, to be sold under execution against the owner, will not impair the rights of such owner in claiming the same as exempt from sale, but he may make such claim the same as though the property was taken from him.

2. SAME—*money in the hands of garnishee exempt.* Where a judgment debtor had no other property than such as was specifically exempt from levy and sale, but had less than $100 on deposit in a bank, which was sought to be reached by garnishee process, it was *held*, that he might claim the same as exempt under the clause of the statute which exempts $100 worth of other property suited to his condition in life, to be selected by him, and on such selection that it could not be reached in the hands of the garnishee.

APPEAL from the Circuit Court of Morgan county ; the Hon. CYRUS EPLER, Judge, presiding.

Mr. WILLIAM H. BARNES, for the appellant.

Messrs. CASSELL & KELLOGG, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a proceeding to reach money in the First National Bank of Jacksonville, by garnishee process, which had been deposited in the bank by Cyrus Fanning.

James W. Ash obtained judgment in the circuit court of Morgan county against Cyrus Fanning, for the sum of $166.36, upon which an execution was issued, and returned *nulla bona.* On the 19th day of May, 1873, garnishee process was issued and served upon the bank.

The answer filed by the bank shows that Fanning had on deposit the sum of $80.60. It was also set up in the answer, that after the garnishee process had been served it received a notice, in writing, from Fanning, that he claimed the money on deposit as exempt under the statute, and directing the bank to pay it to no person without his order.

The defense that the money was exempt under the statute, and not liable to garnishee process, was interposed.

The evidence contained in the bill of exceptions shows the rendition of the judgment against Fanning, the issue and return of execution, the deposit of the money, and that Fanning was the head of a family, residing with the same, that he owned no property except a small quantity of household goods, which were included in the list of specific articles exempt.

The circuit court rendered judgment against the bank, for the use of the judgment creditor, for the amount of money on deposit, to reverse which this appeal has been prosecuted.

The only question presented by the record is, whether the money on deposit in the bank was subject to be reached by garnishee process.

The statute exempting from execution, writ of attachment, and distress for rent, personal property owned by the debtor, among other clauses of exemption contains the following: "$100 worth of other property, suited to his or her condition in life, selected by the debtor." See Revision of 1874, page 499.

In order to arrive at a correct construction to be placed upon this provision of the statute, in its application to the case under consideration, a reference to chapter 62, of the statutes of 1874, entitled Garnishment, seems to be necessary.

Section 20, of the last named act, Statutes of 1874, page 553, provides, that when any garnishee has any goods, chattels, choses in action, or effects other than money, belonging to the defendant, or which he is bound to deliver to him, he shall deliver the same to the officer who shall hold the execution in favor of the plaintiff in the attachment suit or judgment, which shall be sold by the officer, and the proceeds applied and accounted for in the same manner as other goods and chattels taken on execution.

Section 21 provides, if the goods in the hands of the garnishee are pledged for the payment of money to him, the plaintiff in the action may pay the money for which they are held, and then the garnishee shall deliver the goods to the officer, to be sold as provided for in section 20.

Section 23 provides, all goods, etc., received by the officer under the preceding sections, shall be sold in the same manner as if they had been taken on an execution in any other manner.

It was, no doubt, contemplated by the legislature, when these sections were adopted as a part of our statute, that cases would arise where property would be found in the possession of a garnishee, belonging to a defendant, and hence ample provision was made, when such did occur, that it might be taken and sold.

But where property is found in the hands of a garnishee, and delivered over to an officer to be sold, the officer would hold it for sale in the same manner as if it had been found and taken from a defendant in execution in the first instance, nor would the rights of a defendant in claiming the property as exempt from sale be changed or impaired.

If any portion of the property thus obtained was exempt under the statute exempting $100 worth of property from

sale, cited *supra,* then a defendant would be entitled to interpose his claim, and have the same set off to him.

Had it been intended to provide that exemptions might be claimed where property was found in the hands of a defendant in execution, and that none should exist when property was found in the hands of a third party, by garnishee process, certainly some provision would have been made to embrace a case of this kind.

If Fanning had loaned the bank a horse, and placed the property in the possession of the bank for a certain time, and, while possessed of the property, if the bank had been garnisheed, and the horse turned over to the officer, we apprehend it is clear that Fanning would have been entitled to claim the horse as exempt, under that clause of the statute exempting $100 worth of property. If this be true, we perceive no reason, upon principle, that will prevent him from claiming the $80.60 which was deposited in the bank.

The money deposited was property ; it was less in amount than $100; he selected it as authorized by the statute ; and the mere fact that it was attempted to be reached by garnishee process, can make no difference. We are satisfied it was exempt under the laws of the State.

Section 14, of the Garnishee act, which provides that the wages and services of a defendant, being the head of a family, shall be exempt from garnishment, does not lessen or impair the rights of a defendant, under the statute, which provides for certain exemptions.

The fact that the wages of a defendant, to a certain amount, is not liable to be reached by garnishee process, can not be construed as repugnant to the section, cited *supra,* which allows a defendant to select $100 worth of property as exempt.

We see no reason why the specific articles named may not be claimed, and, at the same time, if the defendant has wages due, this too, to the amount of $25, is protected.

The judgment of the circuit court will therefore be reversed and the cause remanded.                    *Judgment reversed.*