PATRICK FINLEN

*v.*

LEWIS HOWARD, for use, etc.

*Filed at Ottawa November 15, 1888.*

126 25C'
52a 381
52a 470
126 259
46a 156
126 259
61a 496
126 259
109a ¹225

1. EXEMPTION—*property of debtor—statute to be liberally construed.* Statutes exempting property from levy and sale for debt are not to be strictly construed, but they should receive such a construction as will carry out the obvious purpose of the legislature in enacting them,— to protect the debtor.

2. SAME—*what is exempt—as to money due the debtor.* A debtor is not entitled to claim as exempt any debts due him, except a sum not

exceeding fifty dollars of the wages and services due him, and that only in case he is the head of a family and residing with the same, and money arising upon policies of insurance upon his homestead. He can not claim as exempt money due him for board.

3. SAME—*former decision.* After the ruling in *Fanning* v. *National Bank,* 76 Ill. 53, that the judgment debtor might claim exemption in the money due him from the bank, a proviso to section 1 of the act of May 24, 1877, declares, that exemption shall not be allowed the debtor "from any money, salary or wages due him or her from any person or persons, or corporations, whatever," from which it would seem the legislature intended to change the rule announced in that case.

4. SAME—*scheduling by the debtor—as a condition to his claim of exemption.* To entitle a debtor to claim the exemption of personal property given by law, he must deliver to the officer a schedule of all his property, of every kind, including money on hand and debts due and owing to him, and make his selection of property at its appraised value.

APPEAL from the Appellate Court for the Second District;— heard in that court on appeal from the County Court of LaSalle county; the Hon. F. P. SNYDER, Judge, presiding.

Mr. SAMUEL RICHOLSON, for the appellant.

Messrs. MOLONEY & STEAD, for the appellee.

Mr. JUSTICE SHOPE delivered the opinion of the Court:

Lawes & Co. recovered a judgment, before a justice of the peace, against Lewis Howard. Execution issued, and was served upon the defendant, and a demand made for property on which to levy the same, and was returned "no property found." After the return of the execution, upon proper affidavit filed, garnishee summons was issued against appellant, as garnishee, and duly served. On the trial, it appeared that at the time of the service of the garnishee summons he was indebted to Howard in the sum of $60, for board, and it is conceded, that, including this claim for $60, Howard had less property in amount than is exempted by law, and that he was the head of a family, residing with the same. On appeal to the county court of La Salle county, judgment was rendered

against the garnishee, and, on his appeal to the Appellate Court for the Second District, that judgment was affirmed. The case comes here by appeal, on certificate of importance by judges of the latter court.

The question certified to this court involves the construction of section 1 of the act of May 24, 1877, (par. 13, chap. 52, of Starr & Curtis' Stat.) entitled "Exemptions," as to whether or not, in a garnishee proceeding, a judgment debtor can claim and be allowed the exemption provided for in said section, he being the head of a family, and residing with the same, out of moneys due him. It is apparent, we think, that the question presented does not necessarily arise upon this record. Upon demand made by the officer holding the execution, it is the duty of the execution debtor, if. he desires to avail of the benefit of the exemption laws, to "make a schedule of all his or her property, of every kind and character, including money on hand and debts due and owing to the debtor, and deliver the same to the officer having the execution, * * * which said schedule shall be subscribed and sworn to by the debtor; and any property owned by the debtor, and not included in said schedule, shall not be exempt." (Sec. 2, act of May 24, 1877, Starr & Curtis, 1112.) The statute further provides, that upon the delivery of such schedule the articles contained therein are to be appraised at their fair valuation, and the debtor shall then select from such schedule the articles he or she desires to retain, not exceeding in aggregate value the amount exempted. This record shows that no schedule was made and presented by the debtor, of any property, and that none of the steps were taken by the debtor to bring himself within the foregoing provisions of the statute, and to entitle him to claim the exemptions. (*McCluskey* v. *McNeely*, 3 Gilm. 578; *Lindley* v. *Miller*, 67 Ill. 244; *Chapin* v. *Hoel*, 11 Bradw. 309; *Taylor* v. *Beach*, 14 id. 259.) However, treating the question as properly arising, a construction of the proviso to the section of the statute referred to, is involved. The section

exempts specific articles of property, and $100 worth of other property, to be selected by the debtor; and when he is the head of a family, and resides with the same, $300 worth of other property, to be selected by him. Then follows this proviso: "That such selection and exemption shall not be made by the debtor, or allowed to him or her, from any money, salary or wages due him or her from any person or persons, or corporation, whatever."

We have had frequent occasion, in construing exemption statutes, to say that they are not to be strictly construed, but such construction will be placed thereon as will carry out the obvious purpose of the legislature in enacting them,—to protect the debtor. In the proviso under consideration, however, it would seem there is no room for construction. It is not easy to perceive how language could be more direct and positive, clear and unambiguous, than is here employed. It forbids that any exemption be allowed to the debtor from money due him. If this language be construed, in view of the requirements of the following section of the statute, that the debtor, in addition to his property, shall schedule debts due and owing to him, no ambiguity as to the intention of the legislature is raised. The debtor is at last to select articles embraced in his schedule, at their appraised value. It is clear that the legislature intended a distinction should be observed, in the matter of exemptions, between articles of personal property and of money due and owing to the debtor. By the first section, the selection of the debtor is to be of property, which is followed by the proviso forbidding that the exemption shall be for money due him. The second section requires the scheduling of all property, "of every kind and character, including moneys on hand, and debts due and owing to the debtor." The selection to be made by the debtor is of articles of property he may desire to retain.

This court, in *Fanning* v. *National Bank*, 76 Ill. 53, held, that the judgment debtor might claim exemption in the money

due him from the bank. After that decision was made, the proviso in question was enacted by the legislature. Under the former statute, containing no provision of like effect as the proviso under consideration, it was held, that the selection might be made by the debtor from money due him, or any personal property or assets belonging to him, and it would therefore seem that the legislature intended to change the rule announced in that case, by the adoption of the proviso under consideration. By the 14th section of chapter 62 of the Revised Statutes, there is specifically exempted an amount, not exceeding $50, of the wages and services of the debtor, being the head of a family, and residing with the same. No other provision is made for exemption of debts due and owing to the debtor.

Our attention is called to the hardship of the rule announced. All that is urged by counsel may be readily conceded; but it is manifest that with the policy of the statute we can have no concern. When the legislative will, in matters within its domain, is plainly and clearly expressed, we are not at liberty, because of supposed hardship, or upon considerations of policy, to wrest the words of a statute from their plain import and meaning.

We are of opinion that the proviso under consideration excludes from the debtor's estate out of which he may make his selection of property exempt, all money due the debtor, without regard to the character of the indebtedness or the circumstances under which it arose. The only exceptions to this are those contained in the 14th section of the Garnishment act, before referred to, and the 7th section of the act of April 30, 1873, exempting money arising upon policies of insurance upon homesteads.

Perceiving no error in the record, the judgment of the Appellate Court will be affirmed.                *Judgment affirmed.*

Mr. JUSTICE BAKER, having heard this case in the Appellate Court, took no part in the decision here.