# W. W. Reade v. S. S. Kerr, Garnishee of Robert H. Talbott.

1. EXEMPTIONS—*Exempt Property Converted into Debt Subject to Garnishment.*—Where a judgment debtor makes and delivers a schedule of property he claims as exempt, and afterward converts a part of the property into a debt, he can not claim such debt as exempt from a subsequent execution issued under the same judgment, even though he then had less property, including said debt, than is allowed by the statute, and such debt is subject to garnishment.

2. EXEMPTION LAWS—*Rule of Construction.*—Exemption laws are purely statutory, and the benefit thereof can be availed of by a certain defined class of debtors only, and upon certain conditions.

3. EXEMPTIONS—*Money Due the Debtor.*—The effect of the provision in section 2 of the act approved June 10, 1887 (Laws 1887, 142), is to forbid the judgment debtor from selecting as property exempt from attachment, execution, distraint or garnishment, *money* due him, whatever may have been the consideration for the debt, or the circumstances out of which it arose.

4. EXEMPTIONS—*Fifty Dollars Exempt, Due for Wages.*—The proviso of Sec. 2 of the act of June 10, 1887 (Law 1887, 142), providing that no exemption shall be allowed to the debtor from any money due him from any person whatever, does not abrogate the right of the debtor, if the head of the family, as provided in Sec. 4 of the Garnishment Act, to hold as exempt $50 due him for wages, or defeat his right to hold as exempt for one year, the proceeds of the sale of a homestead, and insurance money due him for loss on building exempted as a homestead, as provided for in Secs. 6 and 7 of the Homestead Exemption Act.

Memorandum.—Garnishment. Appeal from the Circuit Court of Gallatin County; the Hon. EDMUND D. YOUNGBLOOD, Judge, presiding. Heard in this court at the August term, 1893. Reversed and remanded. Opinion filed March 23, 1894.

The statement of facts is contained in the opinion of the court.

APPELLANT'S BRIEF, JESSE E. BARTLEY, ATTORNEY.

As we view the law as it now exists, the fact of converting personal property into a debt makes the debt liable to garnishment process, whether the property so converted was exempt or not. Wooster v. Page, 54 N. H. 125; Scott v. Bingham, 26 Vt. 251; Knabb v. Drake, 23 Penn. 489;

Harrier v. Fasset, 9 N. W. Rep. 217; Brown v. Heath, 45
N. H. 165; Spillman v. Aldridge, 126 Mass. 113; Finlen v.
Howard, 126 Ill. 259; Monniea v. German Ins. Co., 12 Ill.
App. 240; when a particular execution against which a
schedule is made is returned, the schedule loses its vitality,
and if the debtor desires to avail himself of the benefit of
the exemption laws, he must make a new schedule upon the
issuing of each subsequent execution, for which see Holler
v. Coleson, 23 Ill. App. 324; Biggs v. McKenzie, 16 Brad.
286; Camp et al. v. Ganley, 6 Brad. 499.

APPELLEE'S BRIEF, PILLOW & MILLSPAUGH, ATTORNEYS.

Appellee contended that property exempted by law may
be sold or exchanged by the debtor without subjecting it or
its equivalent to execution or garnishment. Vaughan v.
Thompson, 17 Ill. 78; Green v. Markes, 25 Ill. 223; Brown
v. Coon, 36 Ill. 248; Bliss v. Clark, 39 Ill. 590.

MR. JUSTICE GREEN DELIVERED THE OPINION OF THE COURT.

It appears by the record that appellant, Reade, on Jan-
uary 9, 1890, recovered a judgment against Robert H. Talbot
for $72.81 and costs, in justice's court, before Bartley, jus-
tice of the peace; that on November 28, 1890, an execution
was issued thereon, which was returned December 15, 1890,
*nulla bona.*

On November 28, 1892, appellant filed his affidavit before
said justice setting forth that he had obtained said judg-
ment; that execution was issued thereon and returned as
above stated; that he knew of no property of the defendant
subject to execution, and that he has just reason to believe
S. S. Kerr is indebted to defendant. Garnishee summons
was thereupon issued and served on Kerr, who appeared
and answered that he owed Talbot $192.95, whereupon
judgment was rendered by the justice against Kerr as gar-
nishee, and he prayed and perfected an appeal to the Circuit
Court, where the cause was submitted and tried by the court
without a jury, upon the following stipulation, and a finding
and judgment for Kerr resulted, whereupon Reade craved,

and was granted, an appeal to this court. There had been a second execution issued on Reade's judgment against Talbot on November 15, 1892, which was returned *nulla bona* November 28, 1892.

Stipulation of facts, upon which the cause was tried and decided.

First. It is agreed that W. W. Reade has a judgment against Robert Talbot for the amount of his claim before the justice of the peace.

Second. That execution issued on the judgment and that the defendant Talbot scheduled in apt time. There was no appraisement of the scheduled property. That Talbot was the head of a family and resided with them. That the property scheduled was worth less than $400.

Third. That the corn sold to Kerr, for which he was indebted to Talbot in amount that he answered before the justice, was included in the schedule.

Fourth. That Kerr owes Talbot $142.50, being the purchase price of the corn included in the schedule.

Fifth. The corn was sold to Kerr after the schedule was made and delivered to the officer, and before any other execution issued.

This question is presented for our decision:

Is the $192.95, which Kerr owes Talbot for corn, *included in the schedule*, and which he purchased of the latter after said schedule was delivered to the officer, and before any other execution was issued, liable to said process of garnishment, and could a judgment be lawfully entered against Kerr, as garnishee of Talbot, for that debt?

The trial court held that because the corn had been properly scheduled and was exempt from execution, therefore the debt created by the sale thereof to Kerr, was exempt from garnishment. Exemption laws are purely statutory, and the benefit thereof can be availed of by a certain defined class of debtors only, and upon certain conditions. Personal property is the kind of property involved in this case, and the exemption statutes affecting that class of property must be our guide in deciding the question submitted.

The section providing for the exemption of certain personal property from attachment, sale on execution, and from distress for rent, as originally framed, was held by the Supreme Court in Fanning v. Nat. Bank, 76 Ill. 53, to include as property that might be exempted, *money* due the debtor. But after that decision was made, and in 1877, the legislature, doubtless for the purpose of establishing a different rule, enacted the following proviso to said section: "Provided that such selection and exemption shall not be made by the debtor, or allowed to him or her, from any money, salary or wages due him or her from any person or persons or corporation whatever." The language of this proviso is plain and unambiguous, and we understand the meaning and intent is to forbid the judgment debtor from selecting as property exempt from attachment, execution, distraint or garnishment, *money* due him, whatever may have been the consideration for the debt, or the circumstances out of which it arose. Of course, this proviso does not abrogate the right of the debtor, if the head of a family, as provided in Sec. 14 of the Garnishment Act, to hold as exempt $50 due him for wages, or defeat his right to hold as exempt for one year, the proceeds of the sale of a homestead, and insurance money due him for loss on building, exempted as a homestead, as provided in Secs. 6 and 7 of the Homestead Exemption Act.

Subject to these exceptions a judgment debtor, in a garnishee proceeding, can not claim and be allowed the exemption provided in Sec. 1 of the act of 1877, out of money due him. We are fortified in so construing said proviso by the decision of our Supr: m : Court in Finlin v. Howard, 126 Ill. 259, and Monniea v. German Ins. Co., 12 App. Ct. Rep. 240.

And when, as in this case, a judgment debtor makes and delivers a schedule of property he claims as exempt, and afterward converts a part of the property into a debt, he can not claim such debt as exempt from a subsequent execution issued under the same judgment, even though he then had less property, including said debt, than is allowed by

the statute, and such debt is subject to garnishment. Finlin v. Howard, 26 App. Ct. Rep. 66.

The conclusion we have reached is that the debt Kerr owed Talbot at the time said garnishee process was served, was subject to garnishment, was not exempt, and the judgment should have been entered in favor of Talbot for the use of appellant against Kerr, as garnishee of Talbot, for the amount of the debt, and it was error to render judgment for the defendant. The judgment is reversed and cause remanded.