Walter Skiras, Appellee, v. Thomas Magenis et al., Defendants. Appeal of Catherine Mazenis Edgar, Administratrix of Estate of Thomas Mazenis, Deceased, Appellant.

Gen. No. 43,161.

Opinion filed December 11, 1944. Rehearing denied December 26, 1944. Released for publication December 27, 1944.

KASIMIR P. GUGIS, of Chicago, for appellant.

JOHN D. VOSNOS, of Chicago, for appellee.

MR. PRESIDING JUSTICE NIEMEYER delivered the opinion of the court.

The administratrix of the estate of Thomas Mazenis, deceased, appeals from an order denying her motion to set aside a judgment by default entered against Thomas Mazenis and Vironika Mazenis, under the names of Thomas and Vironika Magenis.

From the record it appears that at one time Thomas Mazenis and his brother, the husband of Vironika Mazenis, were the owners of certain improved real estate on which Thomas conducted a tavern. The brother died and his interest vested in his widow, Vi-

ronika, and his daughter, Genevieve. On January 17, 1937, plaintiff was injured, as he claimed, through the negligence of an intoxicated driver of an automobile. Shortly thereafter he brought suit under the Dram Shop Act against Thomas, as the owner of the tavern and seller of intoxicating liquors to the driver of the car which injured plaintiff, and against Thomas, Vironika and Genevieve as owners of the premises on which the tavern was conducted. After appearance and answer by the defendants this suit was dismissed for want of prosecution on the order of the court on March 5, 1940. On March 3, 1941 the action now before us was commenced by the filing of a complaint identical with that filed in the former action. Service of summons was had upon Thomas personally, and upon the remaining defendants by leaving a copy of the summons with Thomas as a member of the household. No appearance was entered by any of the defendants and on October 27, 1941, they were defaulted and judgment for $21,000 was entered against them. August 4, 1943, upon the petition of Genevieve, an infant, by Vironika, her mother and next friend, alleging that at the time of the institution of the suit Genevieve was an infant of the age of 10 years and that no guardian *ad litem* had been appointed to represent her, the judgment and default theretofore entered were vacated and set aside as to Genevieve, a guardian *ad litem* to represent her was appointed and leave given to plead, etc. September 10, 1943, Vironika and the administratrix of the estate of Thomas, who had died, moved the court to vacate and set aside the judgment and defaults theretofore entered against Vironika and Thomas and to give leave to enter an appearance and plead, etc., upon the ground that the legal effect of setting aside and vacating the judgment as to Genevieve was to vacate the judgment against her codefendants, Thomas and Vironika, "for the reason said judgment and the verdict upon which it was entered

were a unit as against all three defendants." The court denied the motion. The only question presented is whether the vacation of the judgment as to Genevieve vacated the judgment and default as to Thomas and Vironika.

The liability of the defendants is based upon the statute which makes the owners of the property, on which they permit the sale of intoxicating liquor, liable for certain damages resulting therefrom, and where the property is owned by several, each of the owners by reason of his title is liable and may insist that his co-owners be made parties defendant. *Tandrup v. Sampsell,* 234 Ill. 526, 530; 39 Am. Jur., Parties, § 40, page 911. The default judgment was a unit as to all defendants. In *Livak v. Chicago & E. R. Co.,* 299 Ill. 218, 226, the court said: "This court has held for about seventy years, beginning with *McDonald v. Wilkie,* 13 Ill. 22, that a judgment against several defendants, whether rendered in an action for tort or on a contract, is a unit and cannot be reversed as to one or more defendants and affirmed as to the others." In *Fuller v. Robb,* 26 Ill. 246, where judgment by default was vacated as to one defendant, it was held that the court should have set aside the judgment as to both defendants. *Gould v. Sternburg,* 69 Ill. 531; *Earp v. Lee,* 71 Ill. 193; *Williams v. Chalfant,* 82 Ill. 218; *Claflin v. Dunne,* 129 Ill. 241, 248; *Merrifield v. Western Cottage Piano & Organ Co.,* 238 Ill. 526, 531. In some of the cases attention is called to an exception to the rule, permitting the vacation or reversal of a judgment as to one of several defendants where the defense raised is personal to the defendant, such as infancy, etc. In the present case Genevieve was not pleading her infancy as a bar to the action. Her objection was to the procedure by which the judgment was obtained without protecting her interest by the appointment of a guardian *ad litem* for her. The judgment thus obtained was not void but merely voidable. *Simpson v. Anderson,* 305 Ill. 172.

In *Fredrich v. Wolf,* 383 Ill. 638, published after the ruling appealed from, the court had under consideration the effect of the vacation of a judgment by confession as to one of two makers of a note, and said (pp. 641–642): "The judgment entered against Wolf and Margaret Thiele was a unit as to both defendants. The power of attorney which authorized the confession of the judgment was joint. The rule has long been established that if a judgment entered as a unit against two or more defendants is so defective as to necessitate its vacation as to one defendant, it must be set aside as to all. (*Claflin v. Dunne,* 129 Ill. 241.) Plaintiff concedes this principle of law but refers to section 50 of the Civil Practice Act [Ill. Rev. Stat. 1943, ch. 110, par. 174; Jones Ill. Stats. Ann. 104.050] as authorizing a procedure of severing a judgment as to two or more defendants. Section 50 provides for the entry of a judgment for or against one or more of several plaintiffs and for or against one or more of several defendants, but there is no authority in that section which authorizes the setting aside of a unit judgment as to one defendant and permitting it to stand as to another. There is nothing in section 50 or any of the other provisions of the Civil Practice Act to which our attention has been called that permits the separation of a unit judgment in the manner contended for by plaintiff. After a judgment has been set aside and a new trial granted, separate judgments may then be entered against the several defendants pursuant to section 50, but when it has been entered as a unit to all the defendants, it stands or falls as to all. The order vacating the judgment was erroneous in that it did not set it aside as to both defendants."

The order of the trial court is reversed and the cause remanded with directions to vacate the judgment as to Thomas and Vironika and to grant leave to plead, etc.

*Reversed and remanded with directions.*

MATCHETT and O'CONNOR, JJ., concur.