Cedric Thompson, a Minor, by His Mother and Next Friend, Addie Thompson, Plaintiff-Appellee, v. Mack Earl Glover and Jack Dollar and Ewell Haynes, Individually and Doing Business as Haynes Motor Company, Defendants, United States Fidelity and Guaranty Company, a Corporation, Garnishee Defendant-Appellant, State Farm Mutual Automobile Insurance Company, Mack Earl Glover, Intervening Petitioners.

Gen. No. 53,088.

First District, First Division.

September 29, 1969.

Rehearing denied and opinion modified October 28, 1969.

Epton, McCarthy, Bohling & Druth, of Chicago (Edward A. McCarthy, Alan R. Miller, and James V. Creen, of counsel), for appellants.

Alan D. Katz and Querrey, Harrow, Gulanick & Kennedy, of Chicago (Edward J. Gulanick, Alan D. Katz, and Joseph Harrow, of counsel), for appellees.

MR. JUSTICE MURPHY delivered the opinion of the court.

This is a garnishment proceeding based upon plaintiff's judgment for personal injuries received when struck by an automobile driven in Chicago by nonowner defendant, Mack Earl Glover, a resident of Alabama. The defendant owners of the automobile, doing business in Alabama as Haynes Motor Company, a partnership, were covered by an automobile insurance policy issued to them by the defendant garnishee, United States Fidelity and Guaranty Company (USF&G). This policy also covered any person using, with the permission of the named insured, an automobile to which the insurance applied.

The garnishment proceedings were conducted without a jury and consisted primarily of exhibits, evidence depositions and the testimony of defendant Glover. The trial court entered a judgment in favor of plaintiff and against the garnishee for $20,000 and costs, from which the garnishee appeals.

On appeal, and after an examination of the record, we conclude the determinative issue is whether the nonowner and nonresident driver, defendant Glover, had the permission of the nonresident defendant owners to drive the car at the time of the occurrence in which plaintiff received his injuries.

In sum, the record shows that plaintiff, a minor, was injured on August 29, 1959, by an automobile owned by Haynes Motor Company and driven by Mack Earl Glover. At the time of the occurrence Glover was insured by State Farm Mutual Insurance Company in the amount of $10,000 for an accident to one person. Haynes Motor Company was insured by USF&G in the amount of $20,000 for an accident to one person.

Plaintiff's suit for personal injuries was filed on August 20, 1960, and personal service of summons was made on defendant, Mack Earl Glover, on September 3, 1960, who

255

answered the complaint on September 19, 1961, and the amended complaint on March 31, 1964. Service of summons on the defendant car owners was made under the provisions of section 9–301, chapter 95½, Ill Rev Stats. The defendant car owners did not defend the suit. At the trial an order was entered on April 17, 1964, "that the defendants, Jack Dollar and Ewell Haynes, individually, and d/b/a Haynes Motor Company, be and are hereby declared to be in default. It appearing service was had on said parties and that no appearance or answer has been filed in their behalf." On April 20, 1964, a jury verdict was returned in favor of plaintiff for $22,500 against the defendants, "Jack Dollar and Ewell Haynes, Individually and d/b/a Haynes Motor Company and Mack Earl Glover." Judgment was entered on the verdict and against the foregoing defendants on May 20, 1964.

The instant garnishment proceedings against the garnishee, USF&G, were commenced on June 8, 1964. USF&G denied indebtedness to any of the defendant-judgment debtors and also filed affirmative defenses to the action. Mack Earl Glover and State Farm Mutual Automobile Insurance Company were granted leave to intervene in the garnishment proceedings. At the conclusion of the garnishment trial the court found that defendant Glover was driving at the time of the accident with permission; that USF&G was the primary carrier with a limit of liability of $20,000 and State Farm was the excess carrier with a limit of liability of $10,000. The court found in favor of plaintiff, the judgment creditor, and entered an order that USF&G pay $20,000 plus interest and costs on the judgment, and that State Farm pay $2,500 plus interest and costs on the same judgment.

Defendant Mack Earl Glover testified for the plaintiff in the garnishment action. He lived in Cullman, Alabama. Ewell Haynes, U. V. Haynes and Jack Dollar also lived in Cullman and operated a business known as Haynes Motor Company. Glover had attended high school with

Dollar, and he had known the Hayneses for a number of years. They were all in the used car business in Cullman. They would purchase used cars in Chicago and sell the cars to used car dealers in Alabama.

On August 29, 1959, Glover was in Chicago, as was Jack Dollar, hunting for used cars. Dollar purchased a used car on behalf of Haynes Motor Company. Dollar left the keys in the station wagon and asked Glover if he wanted to use the car. Glover said he would like to use the car. He put his license plates on the car and drove off. He further testified: "In the afternoon of August 29, 1959, I was involved with that car in an automobile occurrence with Cedric Thompson, the plaintiff in the suit. The day after the occurrence I saw U. V. Haynes at O'Connor Service Station and told him exactly what had happened as far as the accident was concerned. He said, 'well, forget it.' Neither Jack Dollar, Ewell Haynes or Red Haynes ever accused me of taking that car without their permission."

After Glover was personally served with a summons he talked with G. C. Henslee, an insurance agent in Cullman who represented USF&G. Glover stated: "About two or three weeks after August 29, 1959, he [Henslee] called me to his office and he had a statement typed up for me to sign. The statement said in an around about way that I stole the automobile. I did not sign it. He said he was bringing that document for my signature on behalf of Haynes Motors." On cross-examination, it was shown that Glover was served with summons on September 3, 1960.

The defendant partners in their garnishment evidence depositions stated that Glover was neither their agent nor servant, and they never gave him permission to use the vehicle in question.

G. C. Henslee in an evidence deposition stated: "As agent for United States Fidelity and Guaranty Company, I had a policy of insurance issued to the Haynes Motor

Company. It was a garage liability policy. I was not aware of an accident in Chicago on August 29, 1959, until May, 1961." In response to a letter from Mr. L. B. Nicholson, the casualty supervisor for USF&G in Birmingham, dated June 23, 1961, he talked with the Haynes brothers and Jack Dollar. He said: "At that time, we found out through the conversations that Mack Glover was driving an automobile, and, if I remember correctly, it had Culpepper Motors' tag or dealer's license on the car, and they claimed that the car belonged to Haynes Motors, and then I started to try to find out if, by any chance, Glover could have had any permission from the Haynes boys, or anybody else, or their employees to drive that car that belonged to Haynes Motors, and I went to see Glover, or either he came by the office, and told me that he had Jack Dollar's permission to drive the car, but then I talked to Haynes and Jack about it, and they stated that Mack Glover did not have permission to drive any of their vehicles from Jack Dollar at that time. It seems as though Haynes Motors' car had been left at O'Connor's Service Station. They had left the keys there, which they do so the cars can be moved on the lot. . . . Jack Dollar then told me that after he placed the keys there, he just left and came back on to Cullman. All of us were trying to find out what happened, really, and we wanted to know what happened because if it was a claim of ours, we wanted to get on it. . . . No papers were ever turned over by Haynes Motor Company with respect to this claim. We never received any summons and complaint from anybody in this case." He further testified he had a conversation with Mack Earl Glover before July 5, 1961, and "he told me that he did have permission from Jack Dollar."

The garnishment proceedings further show that under date of June 20, 1961, State Farm sent a letter to USF&G confirming a telephone conversation that had been had several weeks earlier. The letter stated that an accident

occurred on August 29, 1959, in Chicago, Illinois, and that "the vehicle was operated by our insured, Mack Glover, who stated that the vehicle was owned by the Haynes Motor Company and that he was using the vehicle with the permission of the owners." The letter further stated: "A lawsuit has been filed in the Superior Court of Cook County, No. 60S14686, by Cedric Thompson, a minor, against our insured, Haynes Motor Company and Culpepper Motors. We cannot identify Culpepper Motors, unless it might be another business name for the Haynes Motor Company." The letter further stated that their investigation revealed that the vehicle was owned by Haynes Motor Company and Glover was operating the vehicle with the permission of the owners, and if USF&G had a policy covering the Haynes Motor Company, they would be the primary insurer.

Under date of July 24, 1961, USF&G sent a letter to State Farm, stating that they did insure the Haynes Motor Company. The letter further said: "No permission whatsoever was ever given to Mack Glover to drive the particular vehicle involved in the accident or any other vehicles belonging to Haynes Motor Company, either at the time of this accident or at any time previous. Our vehicle was on the premises of O'Connor's Sinclair Service Station in Chicago and our investigation leaves no doubt whatsoever that Glover merely put tags on that vehicle and drove it out and, subsequently, had the accident. Glover has never worked for Haynes Motor Company."

Initially we consider the contention of the garnishee, USF&G, that the original judgment entered on May 20, 1964, was void because the court had no jurisdiction over the non-resident car owners due to a failure to strictly comply with the nonresident motorist statute, and therefore the judgment was also void against defendant Mack Earl Glover. Authorities cited in support of this conten-

259

tion include Skiras v. Magenis, 324 Ill App 250, 58 NE2d 322 (1944), where it is said (p 253):

> "[I]f a judgment entered as a unit against two or more defendants is so defective as to necessitate its vacation as to one defendant, it must be set aside as to all."

The garnishee has made no attempt to show that the original judgment against Glover was improperly entered and no special factors are asserted which show that it would be prejudicial and inequitable to leave the judgment against Glover standing. In this case we think that the judgment against Glover, based on personal service, was sufficient to maintain the instant garnishment proceeding irrespective of the question of proper service of summons on the defendant assureds. Therefore, it is unnecessary for this court to examine the issue of jurisdiction over the defendant car owners in the original action.

 We are of the opinion that the original judgment, entered jointly against all of the defendants, comes within the guidelines of Chmielewski v. Marich, 2 Ill2d 568, 119 NE2d 247 (1954), where it is said (p 576):

> "[W]hen a judgment or decree against two or more defendants is vacated as to one of them, it need not for that reason alone be vacated as to any of the others, and should not be vacated as to any of the others unless it appears that because of an interdependence of the rights of the defendants or because of other special factors it would be prejudicial and inequitable to leave the judgment standing against them."

The garnishee further contends that its assured breached the contract of insurance by failing to comply with the terms of the policy regarding notice and forwarding of process, which was sufficient to bar any re-

covery by the plaintiff-judgment creditor from the garnishee, based on the insurance policy.

In this case the garnishee was repeatedly informed of the pending action by State Farm and its attorneys. We think that the instant situation comes within the statements made by this court in Allstate Ins. Co. v. Gleason, 50 Ill App2d 207, 200 NE2d 383 (1964), at pages 213–14:

> "It is well settled that where the cause of action is within the coverage provided by the policy, it is the insurer's duty to defend. . . . 'An insurer's obligation to defend an action is determined by the allegations of the pleadings in the case.' . . . In the case at bar the allegations of the complaint, as previously set out, are such as would cast a duty of indemnification upon Ford's insurer if such allegations were supported by the evidence. While it is possible that in the injury action a jury may find that Gleason was not an agent and servant of Ford, such a future possibility does not, in any way, alter the obligation of Indemnity to defend Gleason. As the cases have consistently held, the obligation to defend does not depend upon the ultimate outcome of the suit."

In view of the foregoing pronouncements, we hold that in this case it was the duty of the defendant-garnishee to defend its assured in the original action. The record indicates that the refusal of the garnishee to defend its assured was a calculated risk on the premise that plaintiff would be unable to prove that Glover drove the owner defendants' car with their permission. However, the trial court specifically found in the original action, as a matter of law, that "Mack Earl Glover had permission and authority to operate and drive the said automobile from the said owners."

■ We conclude that the original complaint, and as amended, alleged sufficient facts to show that the instant situation came within the coverage of the gar-

nishee's policy, and if the garnishee refused to defend its insured in the original action, it was estopped in the garnishment proceedings to raise issues which were determined in the original action. Sims v. Illinois Nat. Cas. Co., 43 Ill App2d 184, 193 NE2d 123 (1963); Gould v. Country Mut. Cas. Co., 37 Ill App2d 265, 185 NE2d 603 (1962); Palmer v. Sunberg, 71 Ill App2d 22, 217 NE2d 463 (1966). See, also, Karas v. Snell, 11 Ill2d 233, 246, 142 NE2d 46 (1957).

■ Basically the garnishee here denied liability on the ground that Glover did not have the permission of the car owners to drive the car. Although a garnishment proceeding is not a distinct and separate suit but an additional step in the original action for judgment (Zimek v. Illinois Nat. Cas. Co., 370 Ill 572, 574, 19 NE2d 620 (1939)), the defendant garnishee was permitted to relitigate the issue of permission in the garnishment proceedings, and the garnishment court found on January 8, 1968, that "defendant Mack Earl Glover was driving at the time of the accident with permission."

■ We find, for the reasons given, that the garnishment order against the garnishee was correct, and we hereby affirm it.

Affirmed.

ADESKO, P. J. and BURMAN, J., concur.