IRVING DESCHAUER *et al.*, Plaintiffs-Appellees, *v.* STEPHEN HILT, Defendant-Appellant.—(STATE BANK OF LAKE ZURICH, Garnishee.)

Second District No. 81-656

Opinion filed April 7, 1982.

Barry Schultz, of Prairie State Legal Services, of Woodstock, for appellant.

No brief filed for appellees.

JUSTICE HOPF delivered the opinion of the court:

Defendant appeals an order of the trial court refusing to quash a garnishment summons. The court had held that Illinois exemption statutes (Ill. Rev. Stat. 1979, ch. 52, par. 13 *et seq.*) do not apply to the post-judgment garnishment of his checking account.

On January 7, 1981, a judgment was entered in favor of plaintiffs and against defendant in the amount of $1,500 plus costs. On January 26, 1981, a writ of restitution and execution was served on defendant. On March 17, 1981, counsel for plaintiff signed an affidavit for garnishment. A garnishment summons-non-wage was then served upon the garnishee, the State Bank of Lake Zurich, which froze defendant's checking account containing $904.25. On June 15, 1981, defendant filed a motion to quash the summons, claiming that section 1 of "An Act to exempt certain personal

property ° ° °" (Ill. Rev. Stat. 1979, ch. 52, par. 13) entitled him to claim personal property, including money, as exempt from judgment, attachments and distress for rents. The court held that the exemption statutes do not apply to the garnishment and denied defendant's motion to quash the garnishment summons. Plaintiffs filed a motion for a turnover order, and defendant filed a motion to reconsider. On August 4, 1981, both plaintiff and defendant appeared for argument on their respective motions. The court again held that the exemption statutes do not apply to a garnishment summons. The court denied defendant's motion to reconsider, and defendant appealed.

Defendant argues that section 1 (Ill. Rev. Stat. 1979, ch. 52, par. 13) exempting certain property from judgment, attachment and writ of distress, includes the exemption of these properties in garnishment proceedings as well. The section states in pertinent part:

"The following personal property, owned by the debtor, is exempt from judgment, attachment or distress for rent:

° ° °

(c) $300 worth of property, including money, and salary or wages due him or her, to be selected by the debtor, and, in addition, when the debtor is the head of a family and resides with the same, $700 worth of other property, to be selected by the debtor.

Money due the debtor from the sale of any personal property which was exempt from judgment, attachment or distress for rent at the time of such sale is exempt from attachment and garnishment to the same extent that such property would be exempt had the same not been sold by such debtor."

Garnishment was unknown at common law and is solely a statutory proceeding. (*Robbins, Coe, Rubinstein & Shafran, Ltd. v. Ro Tek, Inc.* (1974), 23 Ill. App. 3d 705, 320 N.E.2d 157; *Baron v. Villareal* (1968), 100 Ill. App. 2d 366, 241 N.E.2d 227.) It is remedial in nature, an ancillary step to the original action for judgment, designed to reach the property of a judgment debtor after ordinary execution has failed. (*Thompson v. Glover* (1969), 115 Ill. App. 2d 253, 253 N.E.2d 132; *Baron v. Villareal.*) It is not an independent action but is completely dependent on the underlying judgment. (*Zimek v. Illinois National Casualty Co.* (1939), 370 Ill. 572, 19 N.E.2d 620.) Therefore, even though the statute does not specifically list garnishment, we conclude that if property is to be exempt from judgment it clearly must also be exempt from garnishment, which is merely the enforcement of the judgment.

The supreme court in *Fanning v. First National Bank* (1875), 76 Ill. 53, concluded that the statutory right of a debtor to exemption of certain of his property from execution, writ of attachment and distress for rent is not changed or impaired when his property is in the hands of a third

party. "[T]he mere fact [the money] was attempted to be reached by garnishee process, can make no difference." (76 Ill. 53, 56.) The court reasoned that "[h]ad it been intended to provide that exemptions might be claimed where property was found in the hands of a defendant in execution, and that none should exist when property was found in the hands of a third party, by garnishee process, certainly some provision would have been made to embrace a case of this kind." (76 Ill. 53, 56.) Referring to the garnishment statute (Ill. Rev. Stat. 1874, ch. 62), the court found no basis there to conclude that exemptions for judgment debtors should not apply when satisfaction of judgment must be obtained through the garnishment process. That case, like the case before us, involved garnishment of a debtor's bank account.

Following the supreme court's decision in *Fanning* the legislature amended the exemption statute, permitting a debtor to exempt personal property but with the provision "that such selection and exemption shall not be made by the debtor or allowed to him or her from any money, salary, or wages due him or her from any person or persons or corporation whatever." (1877 Ill. Laws 101-02.) In *Finlen v. Howard* (1888), 126 Ill. 259, 262, 18 N.E. 560, the supreme court stated that in amending the statute the legislature clearly "intended a distinction should be observed, in the matter of exemptions, between articles of personal property and of money due and owing to the debtor." (126 Ill. 259, 262.) The 1877 amendment "forbids that any exemption be allowed to the debtor from money due him." (126 Ill. 259, 262.) Noting that the 1877 amendment of the statute differed in this respect from the statute it had interpreted in *Fanning*, the supreme court added:

"Under the former statute, containing no provision of like effect as the proviso under consideration, it was held, that the selection might be made by the debtor from money due him, or any personal property or assets belonging to him, and it would therefore seem that the legislature intended to change the rule announced in that case, by the adoption of the proviso under consideration." (126 Ill. 259, 263.)

The 1877 proviso clearly only allowed exemption of personal property and not money due and owing the debtor.

In 1969 the legislature amended the statute, deleting the provision that the exemptions shall not be allowed for any money, salary or wages due the debtor and changed the exemptions for personal property to "Three hundred dollars' worth of property, including money, and salary or wages due him * * *." (Ill. Rev. Stat. 1969, ch. 52, par. 13(c).) In 1979 the statute was amended again, to declare that this section applied to exemptions from "judgment, attachment or distress for rent" (Ill. Rev. Stat. 1979, ch. 52, par. 13(c)), instead of execution, writ of attachment or

distress for rent as had been stated in the previous versions of the statute. We think that in deleting the provision that exemptions do not include money due the debtor and substituting instead the specific inclusion of money into the category of personal property the legislature returned the statute to the meaning it had for the supreme court in *Fanning v. First National Bank* (1875), 76 Ill. 53. If a statute exempting from execution " '$100 worth of * * * property * * * selected by the debtor' " (*Fanning*, 76 Ill. 53, 54) applies to garnishment so that a judgment debtor's bank account may be exempted, then clearly that statute's descendant exempting from judgment "$300 worth of property, including money" (Ill. Rev. Stat. 1979, ch. 52, par. 13(c)) should also apply to garnishment proceedings.

■■ Like the court in *Fanning* we see no logical reason to conclude that a debtor cannot claim an exemption for his money on deposit in the bank. The objectives of exemption laws include (1) insuring a means of livelihood and subsistence to the debtor; and (2) the protection and welfare of the debtor's family. (*General Finance Corp. v. Rainer* (1958), 20 Ill. App. 2d 192, 155 N.E.2d 833.) This protection should not be less because one's property is in the hands of a third party and thus must be garnished, instead of in his immediate possession.

We find no suggestion in any other part of the exemption statutes, or in the garnishment statutes (Ill. Rev. Stat. 1979, ch. 62, par. 33 *et seq.*) that the exemptions of section 1 should not apply in garnishment proceedings. In our opinion the provision in the garnishment statutes specifically exempting pension funds (Ill. Rev. Stat. 1979, ch. 62, par. 33.2) does not qualify the rights of a judgment debtor to exemption under chapter 52 of other property which could be garnished.

We conclude, therefore, that a garnishment proceeding is subject to the exemption laws. The denial of defendant's motion to quash is reversed, and the cause is remanded for further hearing on said motion consistent with this opinion.

Reversed and remanded.

LINDBERG and NASH, JJ., concur.