## In re Paul Walker SCHWEKE, Debtor.

### Bankruptcy No. 93 B 13806.

United States Bankruptcy Court,
N.D. Illinois, E.D.

Feb. 3, 1994.

Paul Walker Schweke, pro se.

## MEMORANDUM

JOHN D. SCHWARTZ, Chief Judge.

This matter is before the court on the Debtor's *pro se* motion for Turnover of Funds. No responses being filed, the court makes the following determination pursuant to Rule 7052.[1]

The Warren Newport Credit Union ("Judgment Creditor") obtained a state court

---

1. All "Rule" references are to the Fed.R.Bankr.P. Rule 7052 is applicable to this motion pursuant to Rule 9024.

All section reference are to 11 U.S.C. being the "Bankruptcy Code" or "Code," unless other wise stated. Non-section numerical references are to the ILCS, unless otherwise stated.

judgment against the Debtor on May 21, 1993. The American National Bank of Libertyville ("Bank") was then served with a non-wage Garnishment Summons and Written Interrogatories. (See 735 ILCS 5/12–701, 705). The Summons had a return date of June 30, 1993.

On June 29, 1993, the Debtor commenced this bankruptcy proceeding under Chapter 7 of the Bankruptcy Code. Schedule B of the Debtor's petition set forth his personal property and as part of such lists approximately $600 in a checking account. In Schedule C of the petition, the Debtor claimed a personal property exemption on his $600 interest in a checking account.

As a result of the Summons, the Bank withheld $624.06 from the Debtor's checking account, number 40030050. On September 17, 1993, the Debtor filed a Motion for Turnover of Assets ("Motion").

The Debtor's motion seeks the turnover of the $624.06 for two reasons. First, that the property is exempt under Illinois law and recognized as being such by the Bankruptcy Code. Second, the Judgment Creditor's judgment was obtained within 90 days of bankruptcy and therefore, the Judgment Creditor's service of the garnishment summons is an attempt to collect on that judgment in violation of the preference restrictions of § 547.

■ Under Illinois law, the servicing of the garnishment summons creates a lien on the property held by garnishee, in the amount of the balance due on the judgment. 735 ILCS 5/12–707. Based on the fact that the Summons had a return date of June 30, 1993, it was issued between May 31st and June 9th and must be presumed to have been served pre-bankruptcy. *See* 735 ILCS 5/12–705 (requiring a summons return date between 21 and 30 days after the date of issuance.) Thus, the service of the summons created a pre-bankruptcy lien on the $624.06 in the Debtor's checking account.

■ Since the garnishment lien is a judgment lien under the § 101(37) of the Bankruptcy Code, the appropriate motion would be one seeking to avoid the fixing of a lien pursuant to § 522(f). *See In re Garcia,* 155 B.R. 173 (N.D.Ill.1993); *Bryant v. General Electric Credit Corp.,* 58 B.R. 144 (N.D.Ill. 1986); *In re Weatherspoon,* 101 B.R. 533 (Bankr.N.D.Ill.1989) (all avoiding a wage deduction lien under § 522(f)(1) after service of the wage deduction summons but before the wage deduction order). The court so treats the Debtor's *pro se* motion. Section 522(f)(1) allows a debtor to avoid a judicial lien. It "is designed to protect a bankrupt debtor's entitlement to all of his exemptions, even in the event that a creditor beats him to the courthouse and obtains a lien on property that would otherwise would be exempt." *Garcia,* 155 B.R. at 175 (N.D.Ill.1993).

■ Section 522 gives a Debtor the power to exempt certain property that is otherwise property of the estate. However, § 522(b) gives a state the power to use their own exceptions instead of or as an optional alternative to the § 522(d) exceptions. The Illinois legislature has decided that the Illinois statutory exemptions will apply instead of the federal exemptions. 735 ILCS 5/12–1201. Illinois allows a debtor to exempt personal property valued up to $2,000. 735 ILCS 5/12–1001, *Cf. In re Woodworth,* 152 B.R. 258, 259 (Bankr.C.D.Ill.1993); *see also In re Nabers,* 102 B.R. 705 (Bankr.S.D.Ill. 1989). Thus, in the case at bar, the Debtor could exempt up to $2,000 in cash, whether it is held in the Debtor's hand or by a third party. *Cf. Deschauer v. Hilt,* 105 Ill.App.3d 657, 61 Ill.Dec. 399, 402, 434 N.E.2d 552, 555 (1st Dist.1982) (interpreting old Ill.Rev.Stat. ch. 52 para. 13 (1979) (since amended on numerous occasions)).

■ As part of the duties imposed on a garnishee under 735 ILCS 5/12–707, the garnishee must hold "subject to the order of the court any non-exempt indebtedness or other non-exempt property in his or her possession, custody or control belonging to the judgment debtor or in which the judgment debtor has any interest." Because the Debtor would have the right to exempt the cash if he personally held it, that cash is also exempt from a garnishment when it is held by a third party. *Cf. Hilt,* 61 Ill.Dec. at 402, 434 N.E.2d at 555 (deciding under old versions of garnishment and exemption statutes that garnishment proceedings are subject to personal property exemption laws.)

The court notes that a preference claim is not applicable to the case at bar because § 547 does not apply to a debtor's action under Chapter 7.

For the reasons set forth herein the court will void the lien and issue a separate order directing the Bank to turnover the withheld funds.